JACKSON ROBERTS, PLAINTIFF IN ERROR, v. THE COUNTY OF ADAMS, DEFENDANT IN ERROR.

**Taxes:** WRONGFUL SALE BY TREASURER. Where the treasurer of a county sells lands for taxes which are not liable to taxation and upon which no taxes were due, the tax purchaser may recover from the county the amount paid by him with interest thereon.

ERROR to the district court of Adams county. Tried below before MORRIS, J.

*R. A. Batty*, for plaintiff in error.

*L. J. Capps*, for defendant in error.

MAXWELL, J.

The plaintiff presented an account to the board of county commissioners of Adams county for money paid by him for the purchase of lands for taxes at private tax sale, the land not being liable to taxation. The county commissioners rejected the claim. The plaintiff then appealed to the district court. On the trial of the cause the court found for the defendant and dismissed the action.

There are 49 counts in the petition, which, except in date, description of land, and amount, are substantially alike. The following is a copy of the 1st count:

"That on the 1st day of April, 1879, the county commissioners of said defendant did furnish to the assessor of Little Blue precinct what purported to be a list of the lands in said precinct subject to taxation; that said list erroneously contained the following described lands, to-wit: The north-west quarter of the south-west quarter of section eleven, township five, range nine west, 6th principal meridian, in Adams county, Nebraska; that said assessor did value said lands at $160, and returned said valuation with other lands on the first Monday in June, 1879, to

the county clerk of said defendant; that said county clerk extended the taxes of 1879 against said land as follows, to-wit, total, $11.14; that on the 1st day of May, 1880, said taxes not having been paid, the same became delinquent, and said land was offered for sale by the treasurer of said defendant on first Monday in November, 1880, but the land was not sold on that day for want of bidders, and that on the 16th day of November, 1880, said plaintiff bought said lands of said treasurer at private sale for said delinquent tax of 1879, and paid said treasurer the sum of $11.83 therefor, that being the amount of taxes and interest claimed to be due against said land by the treasurer of said defendant; that there was no tax due against said land at the time of said sale and purchase for the reason that said land at the time it was so assessed was land belonging to the general government of the United States, and not liable to taxation; that said lands were wrongfully placed upon said tax list by said defendant's commissioners and said defendant's assessor; that said lands were sold, upon which no tax was due at the time, and on account of the premises set forth as above, the defendant became liable to this plaintiff for the amount so paid by him as aforesaid, to-wit, the sum of $11.83, with interest at the rate of twenty per cent per annum from the 16th day of November, 1880; that said lands were again wrongfully assessed for the year 1880, and the plaintiff, to protect his tax lien, paid to the defendant's treasurer, as subsequent taxes upon said land, on the 19th day of September, 1881, the sum of $2$\frac{36}{100}$, and on account of the premises set forth as above the defendant is liable for said amount, with interest at the rate of twenty per cent per annum from said date. The plaintiff says that there is now due him from the defendant the sum of $11.83, with interest at twenty per cent per annum from November 16th, 1880, and $2.36, with twenty per cent interest per annum from September 19th, 1881."

A demurrer was filed to the 9th count, but no answer to any of them. The facts stated in the petition are thus admitted: It is thus conceded that the treasurer of Adams county sold lands for taxes to the plaintiff which were not taxable, and upon which no taxes were due.

Sec. 131 of the revenue law (Comp. Stat., Ch. 77) provides that, "When, by mistake or wrongful act of the treasurer or officer, land has been sold upon which no tax was due at the time, or whenever land is sold in consequence of error in describing such land in the tax receipt, the county is to hold the purchaser harmless by paying him the amount of principal and interest and costs to which he would have been entitled had the land been rightfully sold," etc.

This applies to all cases where the sale was made by mistake or wrongfully. The theory of our revenue laws is that a purchaser at tax sale shall, if the tax title fails, recover the purchase money, with interest. Hence the right to enforce the tax lien by foreclosure. If, however, the lands were not taxable, so that the lien for taxes did not attach, and consequently no interest pass the purchaser, the county is required to return the money with interest. Honesty and fair dealing require that this should be done. A county no more than an individual should be permitted to receive and retain money obtained through a mistake of fact or wrongful act. The court below, therefore, erred in holding, as it must have done, that the petition fails to state a cause of action, and the judgment is reversed and the cause remanded, with leave to the county to answer the petition and for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.