JACKSON ROBERTS, PLAINTIFF IN ERROR, V. ADAMS
COUNTY, DEFENDANT IN ERROR.

**Taxes:** LIABILITY OF COUNTY FOR ILLEGAL SALE. Where the treasurer of a county has sold lands for taxes which were not taxable and upon which no tax was due, the county is to ho d the purchaser harmless by paying him the amount of principal, interest and costs. *Roberts v. Adams Co.*, 18 Neb., 471.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*Batty & Castro*, for plaintiff in error.

*L. J. Capps*, for defendant in error.

MAXWELL, CH. J.

In August, 1883, the plaintiff filed his petition in the district court of Adams county, in which he alleges " That on April 1st, 1879, the county commissioners of defendant furnished the assessor of Little Blue precinct a list of land supposed to be taxable in said precinct; that said list erroneously contained the northwest quarter of the southeast quarter of section twenty-nine, town five, range ten, in Adams county; that the assessor valued said land at $140 and returned said valuation with other lands to the county clerk, on the 1st Monday in June, 1879. That said clerk extended the taxes of 1879 against said land as follows, to-wit, total $439; that said tax not having been paid, became delinquent on the 1st day of May, 1880; that on the first Monday in November, 1880, the land was offered for sale by the treasurer and returned 'not sold for want of bidders'; that on the 16th day of November, 1880, the plaintiff bought said land at private sale of said treasurer for said delinquent tax of 1879, and paid therefor the sum of $5.35.

" That there was no tax due against said land at the time of said sale, for the reason that said land at the time of said assessment belonged to the general government and was not liable to taxation.

" That said land was wrongfully placed upon the tax list, and wrongfully assessed and wrongfully sold, and that on account of wrongfully putting said land on the tax list, and wrongfully assessing and selling the same, the defendant became liable to the plaintiff for the amount so paid by him as aforesaid, to-wit, the sum of $5.35 with interest at the rate of twenty per cent per annum from Nov. 16th, 1880." There are forty-nine causes of action stated in said petition, substantially the same as the above, varying only in dates and amounts.

" The aggregate amount claimed by the plaintiff in said petition is $412.16, for which he claims a judgment with interest at 20 per cent from April 5th, 1883.

" No testimony was offered by either party, but the attorneys for the plaintiff and defendant stipulated in open court that as to each and every count in the plaintiff's petition the treasurer had made an entry opposite each tract of land mentioned in the petition, on the record of sales, that the same was erroneously sold. Upon that stipulation the case was submitted to the court, and on March 20th, 1884, the court made an order appointing L. J. Capps referee to compute the amount due on the several claims set forth in the petition as follows:

" First. The amount due on the principal with 12 per cent interest.

" Second. The amount due on the principal with 20 per cent interest for the first two years subsequent to the payment of said principal and 12 per cent thereafter.

" That on November 10th, 1884, the referee made and filed his report in writing.

" That on November 19th, 1884, the court found for the defendant and dismissed the action at the costs of the plaintiff."

Sec. 131 of the revenue law provides that, "When by mistake or wrongful act of the treasurer or other officer, land has been sold on which no tax was due at the time, or whenever land is sold in consequence of error in describing such land in the tax receipt, the county shall hold the purchaser harmless by paying him the amount of principal, interest, and costs to which he would have been entitled had the land been rightfully sold," etc. Comp. Stats., Ch. 77.

The statute applies to all cases where land has been sold for taxes when no taxes were due thereon. The county, through its treasurer, by offering a tract of land for sale for the taxes claimed to be due thereon, in effect says to the purchaser, that the land offered for sale was taxable, and the taxes have not been paid. Honesty and fair dealing require that a county, no more than an individual, shall be permitted to obtain and retain money paid under a mistake of fact. Our statute has guarded the rights of a tax purchaser so that he may recover the purchase money with interest, but if the lands were not taxable or no taxes were due thereon, the purchaser would be unable to enforce his lien for taxes. Hence the statute requires the county "to hold the purchaser harmless by paying him the amount of principal, interest, and costs." It is clear that the county is liable in this case, and the court should have so found. The judgment of the court below is reversed, and the cause remanded for further proceedings. *Roberts v. Adams Co.*, 18 Neb., 471.

REVERSED AND REMANDED.

THE other judges concur.