RICHARDSON COUNTY v. H. T. HULL.

[FILED FEBRUARY 19, 1890.]

Counties: ACTIONS AGAINST: CLAIMS. A cause of action against a county under the provisions of section 71 of the revenue act of 1869 is a claim against a county within the meaning of section 37 and chapter 18 of the Compiled Statutes, and no action can be maintained on such claim other than by presenting the same to the county board for audit and allowance. (*Richardson Co. v. Hull*, 24 Neb., 536.)

ERROR to the district court for Richardson county. Tried below before APPELGET, J.

*E. A. Tucker*, for plaintiff in error, cited: *Brown v. Otoe County*, 6 Neb., 111; *State, ex rel. Clark, v. Buffalo County*, 6 Id., 454; *Dixon County v. Barnes*, 13 Id., 294;

*McCann v. Sierra County*, 7 Cal., 121; *State, ex rel. Williams, v. Bonebrake*, 4 Kan., 247; *Jackson County v. La Crosse County*, 13 Wis., 548; *Com'rs v. Zeigelhofer*, 38 Ohio St., 523; *In re Inhabitants of Windham*, 32 Me., 452; *Fulton County v. Maxwell*, 101 Ind., 268; *White County Com'rs v. Karp*, 90 Id., 236; *Bryan v. Moore*, 81 Id., 9; *State v. Hamilton*, 26 Ohio St., 364; *Snelson v. State*, 16 Ind., 29; *Waugh v. Chauncey*, 13 Cal., 11; *People v. Stocking*, 50 Barb. [N. Y.], 573; *Colusa Co. v. DeJarnett*, 55 Cal., 373; *Brewer v. Otoe County*, 1 Neb., 382; *S. C. & P. R. Co. v. Washington County*, 3 Id., 38; *Clark v. Dayton*, 6 Id., 203; *Parker v. Matheson*, 21 Id., 546.

*E. W. Thomas*, and *C. Gillespie, contra*, cited : *Kaeiser v. Nuckolls County*, 14 Neb., 277; *Roberts v. Adams County*, 20 Id., 409; *Stringham v. Board*, 24 Wis., 594; *McCoy v. Washington County*, 3 Wall., Jr. [U. S.], 381; *Cowles v. Mercer County*, 7 Wall. [U. S.], 118; *Board v. Hurd* 49 Ga., 462; Boone, Corporations, sec. 321; *May v. Saginaw County*, 32 Fed. Rep., 639; *Brady v. Supervisors*, 10 N. Y., 260; *Endress v. Chippewa County*, 43 Mich., 317 [5 N. W. Rep., 632]; *Spencer v. Sulley County*, 33 N. W. Rep. [Dak.], 97; *Chick v. Newberry Co.*, 3 S. E. Rep. [S. Car.], 787; *Waitz v. Ormsby*, 1 Nev., 376; *Donalson v. San Miguel Co.*, 1 N. M., 263; *Klaise v. State*, 27 Wis., 462; *Clear L. Waterworks Co. v. Lake Co.*, 45 Cal., 90.

NORVAL, J.

Upon the filing of the opinion in this case (24 Neb., 536) a motion for a rehearing was filed on behalf of the defendant in error, and a rehearing having been granted, it has been resubmitted. The action was brought by Hull to recover of the county $509.43 which had been paid by him for taxes upon a tract of land not subject to taxes. There is but one question in the case and that is, whether the cause of action is of such a nature that it should first have

been presented to the county board for allowance. Upon a careful review of the authorities by Judge Cobb in the former opinion, it was held that the cause of action was a claim within the meaning of the statute, and that no action could be maintained thereon other than by presenting the same to the county board for audit and allowance. We are entirely satisfied with the conclusions there reached. We shall not attempt a review of the authorities cited by the defendant in error from other states. They are either from states having statutes different from ours or are based upon facts unlike the case at bar.

The defendant in error cites as an authority *Roberts v. Adams Co.*, 20 Neb., 409. The question involved in this action was not presented or discussed in that case. True the causes of action are alike. *Robert v. Adams County* was before this court twice, and from an examination of the first opinion found in 18 Neb., 471, it will be seen that in that case the claim was first presented to the county board and, after being rejected, an appeal was taken to the district court and tried there *de novo*.

In *Nance v. Falls City*, 16 Neb., 85, the action was brought to recover damages against the city—an unliquidated demand—and it was held that the suit could be maintained in the district court without having first presented the demand to the city council for adjustment. We do not question the correctness of that decision. It certainly has no application here.

This is not an action for damages. The amount of the demand sued for here is liquidated, fixed, and certain. When the county received these taxes there was an implied promise to repay them.

Judge Dillon in his work on Municipal Corporations, section 939, in speaking of actions like this, uses this language: "An important class of actions in form *ex-contractu* remains to be noticed. We refer to actions against municipal corporations to recover back money paid to them

for taxes. They are usually brought in assumpsit for money had and received," etc. To hold that a demand for taxes illegally collected by a county is a "claim" within the meaning of section 37, chapter 18, Compiled Statutes 1889, is certainly within the letter and spirit of the statute.

Section 131, ch. 77, Compiled Statutes 1889, provides that " When by mistake or wrongful act of the treasurer, or other officer, land has been sold on which no tax was due at the time, or whenever land is sold in consequence of error in describing such land in the tax receipt, the county is to hold the purchase[r] harmless *by paying him the amount of principal and interest,*" etc. Pay the purchaser when? After an action has been brought in the courts and judgment obtained? This would hardly save the purchaser harmless. This section unquestionably authorizes the county board to pay the purchaser without suit. If the board has that authority, then it follows that the claim must be presented to the board for allowance. By pursuing that method needless litigation would be avoided and unnecessary expense and costs would be saved both to the county and claimants. After a careful re-examination of the case, we are satisfied that our former decision was correct and it will be adhered to.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.