STATE, EX REL. H. A. MERRELL, V. ADAM SNYDER, CO. TREAS.

[FILED MARCH 30, 1892.]

1. **Tax Sale:** REDEMPTION: RIGHTS OF PURCHASER.  A county treasurer sold certain lots for taxes due thereon, and the tax purchaser thereafter paid to him the taxes which accrued after said sale.  Afterwards the owner of the lots redeemed the same from said taxes, by paying the treasurer the amount paid by said purchaser, with interest thereon.  In an action by the tax purchaser against the treasurer to recover the redemption money, he cannot plead as a defense that the owner has instituted an action against the county to have said taxes declared illegal in whole or in part.

2. ———: ———: ———.  The statute requires the treasurer to hold the redemption money subject to the order of the purchaser, his agent or attorney.

ORIGINAL application for *mandamus.*

*Henry W. Pennock,* and *Webster, Rose & Fisherdick,* for relator, cited: *State v. Roderick,* 23 Neb., 505; *Roberts v. Adams Co.,* 20 Id., 411.

*T. J. Mahoney, contra,* filed no brief.

MAXWELL, CH. J.

This is an application for a peremptory writ of *mandamus,* to require the respondent to pay over to relator

$573.70 and interest paid to respondent as treasurer of Douglas county on the 5th day of January, 1891, for the redemption of certain real estate from a tax sale. Relator purchased lots 5 and 6, block 3, Capitol Hill addition to Omaha, at private tax sale January 5, 1889, for $86.34, delinquent taxes of 1887, and received a certificate of tax sale thereof; on which he afterwards at different times paid for delinquent taxes on said lots the further sum of $433.96. The several items so paid, with interest from their respective dates of payment, amounted on January 5, 1889, to the sum of $573.70. The owner of the lots paid this sum on the last named day to the respondent as county treasurer, for the redemption of said lots from the tax sale. Respondent received the money and issued his certificate of redemption of said lots to the owner, reciting therein that the money had been paid under protest.

It is alleged that the relator has paid all the taxes due the county, $520.30, on the tax sale; that the owner has paid the full sum of $573.70 redemption money of the same identical taxes, and respondent arbitrarily holds both sums after relator's lien on the real estate has been extinguished, and his accruing interest money stopped by payment.

The answer of the defendant is, in substance, that the owner of the lots has commenced an action to have said taxes, or at least a part thereof, declared illegal and void, and that while said action is pending it is the duty of the defendant to retain the money.

The relator demurred to the answer.

Section 119 of chapter 77, Compiled Statutes, provides: "The owner or occupant of any land sold for taxes, or any person having a lien or interest thereon, may redeem the same at any time within two years after the day of such sale, by paying the county treasurer for the use of such purchaser, his heirs or assigns, the sum mentioned in his certificate, with interest thereon at the rate of twenty per

cent per annum from the date of purchase, together with all other taxes subsequently paid, whether for any year or years previous or subsequent to said sale, and interest thereon at the same rate. from the date of such payment; and the treasurer shall enter a memorandum of the redemption in the list of sales and give a receipt therefor to the person redeeming the same, for which he may charge a fee of twenty-five cents, and shall hold the redemption money paid subject to the order of the purchaser, his agent or attorney; *Provided,* That infants, idiots, and insane persons may redeem any land belonging to them from such sale within two years after the expiration of such disability, on like terms as if redemption had been made within two years from the date of said sale and from the date of each subsequent payment of taxes thereon, at the rate of twenty per cent per annum on the several amounts so paid by the purchaser until redemption.    Any redemption made shall inure to the benefit of the person having the legal or equitable title to the property redeemed, subject to the right of the person making the same to be reimbursed by the person benefited.

It will be observed that the treasurer shall hold the redemption money paid, subject to the order of the tax purchaser, his agent or attorney.    Where taxes have been levied upon land and the land sold therefor by the county treasurer, and the land be afterwards redeemed from such taxes, the county cannot set up as a defense against the person entitled to such redemption money that a question has arisen as to the validity of such taxes; and the purchaser had a right to rely upon the implied right of the county to sell the same. (*Roberts v. Adams Co.,* 20 Neb., 409; Id., 473.) The whole theory of the tax system of this state is that taxes shall be equally imposed upon all taxable property, and that such taxes shall be collected and paid.    The design of the law is to protect the owner of the property against inequitable burdens as far as is consistent,

with the requirement that he discharge the burdens placed
thereon. If he fails to pay upon his real estate, then it
may be sold for such taxes and be redeemed at any time
within two years thereafter. There are other provisions
as to the foreclosure of the tax lien which need not be
noticed. The law also protects the purchaser at tax sale
and provides, in effect, that he shall at least be repaid
his money with a certain amount of interest. If there was
no authority to levy the taxes in question, then it would be
the duty of the county to reimburse the tax purchaser the
amount paid by him. The alleged illegality of the tax,
therefore, is no defense to the action. The demurrer to
the answer must be sustained, and as the case was submit-
ted on the pleadings, judgment in favor of the relator
awarding the writ will be entered.

WRIT ALLOWED.

THE other judges concur.