**LUSK et al. v. RYAN, County Treasurer.**

No. 7889—Opinion Filed Feb. 12, 1918.

(171 Pac. 323.)

1. **Statutes — Revenue Act—Constitutional Provisions.**

Section 7, Act July 5, 1913 (Session Laws 1913, c. 240, art. 1), is not a bill for the raising of revenue, but simply provides a procedure for the recovery of illegal taxes paid, and is separable from other parts of said act, and is therefore in no wise in conflict with section 33, art. 5, of the Constitution, notwithstanding other parts of said act may be violative of the Constitution.

2. **Taxation—Illegal Taxes—Action to Recover—Petition.**

In an action to recover illegal taxes which have been paid, a petition which alleges the grounds upon which the illegality of such tax is predicated, that such illegal tax was paid to the officer authorized by law to receive it, and that at the time such payment was made notice was given by the party paying such taxes to the officer collecting such tax that suit would be brought against such collecting officer for the recovery of the illegal taxes so paid, contains all the necessary averments of facts as to render such petition invulnerable to demurrer "that the petition does not state facts sufficient to constitute a cause of action."

3. **Same.**

In an action under section 7, Session Laws 1913, c. 240, art. 1, for the recovery of money paid on account of an illegal tax, it is not necessary, to constitute a good petition, to aver therein that such payment was made under duress.

4. **Evidence — Judicial Notice — General Laws—Meeting and Final Adjournment of Legislature.**

The courts of record of this state will take judicial notice of the date of the passage and approval of general laws passed by the Legislature of this state, and the date of the meeting and final adjournment of the Legislature of this state.

5. **Sufficiency of Petition.**

The petition in this case has been carefully examined, and found to contain every necessary averment of facts to state a cause of action against the defendant for the recovery of money paid for illegal taxes.

(Syllabus by Collier, C.)

Error from District Court, Okmulgee County; Ernest B. Hughes, Judge.

Suit by James W. Lusk and others, receivers of the St. Louis & San Francisco Railroad Company, and the company, against M. Ryan, County Treasurer of Okmulgee County. Demurrer to amended petition sustained and petition dismissed, with judgment against plaintiffs for cost, and they bring error. Reversed and remanded, with instructions to overrule the demurrer.

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits, for plaintiffs in error.

R. E. Simpson, Co. Atty., and Fred M. Carter, for defendant in error.

Opinion by COLLIER, C. This is a suit instituted by the plaintiffs in error against the defendant in error to recover certain illegal and excessive taxes paid by the plaintiffs in error to the defendant in error. Hereinafter the parties will be designated as they were in the trial court. The petition is very voluminous, and it is unnecessary for a proper understanding and determination of the question involved in this case to set it out in full. It is sufficient to state that said petition avers an excessive, illegal, and unauthorized levy of taxes, that it sets out the grounds upon which is predicated that said tax is excessive, illegal, and unauthorized, that one-half of said alleged illegal taxes amounted to $1,970.31, which was the full amount of the taxes payable at the time and in the manner provided by law, which said amount was paid by the plaintiffs to the defendant, the officer authorized by law to collect the same, that at the time of making said payment plaintiffs gave written notice to the defendant of the specific grounds upon which the excessive, illegal, and unauthorized levy was predicated, and that suit would be brought by the plaintiffs against the defendant for the recovery of the money so paid, and that plaintiffs would hold defendant and Okmulgee county liable for the same. To the amended petition defendant interposed demurrer because the said amended petition does not state facts sufficient to constitute a cause of action against the defendant and in favor of plaintiffs. The court sustained the demurrer, and the plaintiffs electing to stand up-

on said amended petition, the court dismissed, the petition and rendered judgment against the plaintiffs for costs. To reverse the said action of the court this appeal is prosecuted.

This action is brought under section 7 of the Session Laws of 1913, p. 638, which reads as follows:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the office for a recovery of them. It shall be the duty of such collecting officer to hold such taxes separate and apart from all other taxes collected by him, for a period of thirty days, and if within such time summons shall be served upon such officer in a suit for recovery of such taxes, the officer shall further hold such taxes until the final determination of such suit. All such suits shall be brought in the court having jurisdiction thereof, and they shall have precedence therein. If, upon final determination of any such suit, the court shall determine that the taxes were illegally collected, as not being due the state, county or subdivision of the county, the court shall render judgment showing the correct and legal amount of taxes due by such person, and shall issue such order in accordance, with the court's findings, and if such order shows that the taxes so paid are in excess of the legal and correct amount due, the collecting officer shall pay to such person the excess and shall take his receipt therefor."

We are first met with the contention, on the part of the defendant that said section 7, supra, being a revenue measure is unconstitutional and void for the reason that said act was passed during the last five days of the Legislature, in violation of section 33, art. 5, of the Constitution. We are of the opinion, and so hold, that section 7, art. 1, Act July 5, 1913 (Session Laws 1913, p. 638), is not a bill for the raising of revenue, but simply provides a procedure to recover illegal taxes paid, and said section 7 is separable from the other provisions of the act, and may stand notwithstanding other parts of the act must fall, and therefore said section 7 is in no wise in conflict with section 33, article 5, of the Constitution. This court in Anderson v. Ritterbusch, County Treasurer, 22 Okl. 761, 98 Pac. 1002, held:

"'Revenue laws' are those laws only whose principal object is the raising of revenue, and not those under which revenue

may incidentally arise. * * * 'Revenue bills' are those that levy taxes in the strict sense of the word, and are not bills for other purposes which may incidentally create revenue. * * *"

In the matter of the assessment of the Sprankle Co., 69 Okla. 178, 170 Pac. 1147, Commissioner Hooker follows the holding of Judge Hardy in Black et al. v. Geissler et al., 58 Okla. 335, 159 Pac. 1124, and, passing upon the identical section 7 here under review, says:

"This statute in question cannot be classed as a revenue measure, and therefore is not subject to the objection 'that it was passed during the last five days of the session'."

It is true, as contended in the brief of plaintiffs that there was no proof offered as to when the Legislature adjourned, but the contention of the plaintiffs that the question of "when the Legislature adjourned must be raised by answer and proof," is without the slightest force, as the courts will take judicial knowledge of the time of the final adjournment of the Legislature of this state, 16 Cyc. 9060; Perkins v. Perkins, 7 Conn. 558, 18 Am. Dec. 120.

"This court will take judicial knowledge of the Legislature and its established and usual course of proceeding." James, Commentaries on Evidence, vol. 1, p. 511.

"The courts take judicial notice of the public and private official acts of the legislative department of the state, and of all matters with the Legislature and its proceedings." French v. Senate, 146 Cal. 604, 80 Pac. 1031, 69 L. R. A. 556, 2 Ann. Cas. 756; Prince v. Skillin, 71 Me. 361, 36 Am Rep. 325.

"So a court will recognize the time of the commencement and close of a session of the Legislature." 15 R. C. L. p. 1110; Richardson v. McChesney, 218 U. S. 487, 31 Sup. Ct. 43, 54 L. Ed. 1121.

In the instant case it was only necessary to constitute a petition invulnerable to the demurrer interposed to allege with particularity that the tax complained of was levied in excess of the estimate of the requirement of the school district for the fiscal year; that said tax was paid to the officer authorized by law to collect the same; that same was paid; and that at the time of said payment the plaintiffs in error gave notice to the officer collecting the tax, showing the grounds of complaint against the collection of said tax, and that suit would be brought against the officer for a recovery of the money paid. Whether or not said taxes were paid under duress is not germane to the issue here, and therefore it is not neces-

sary to pass upon the insistance of the plaintiffs that said payment was so paid.

If the tax levied was in excess of the requirement of the necessities for the school district, it was illegal and void as to such excessive levy. St. Louis & S. F. Ry. Co. v. Haworth, County Treasurer, et al., 48 Okla. 132, 149 Pac. 1086.

The demurrer, of course, admits that said levy was excessive; and, the petition averring all of the allegations necessary to be averred to constitute a good petition under the act under which this action is brought (section 7, supra)—the court committed reversible error, in sustaining the demurrer to the petition.

This cause is reversed and remanded, with instructions to the trial court to overrule the demurrer to the petition.

By the Court: It is so ordered.