### MULLICAN, County Treas., v. SMITH.

No. 10514—Opinion Filed Jan. 24, 1922.

Rehearing Denied March 7, 1922.

(Syllabus.)

**Taxation—Mistakes in Assessment—Remedy by Action to Recover Amount Paid Under Protest.**

Pearl Farwell Smith was the owner of two tracts of land, one subject to taxation, the other nontaxable. The two tracts of land were adjacent and, assessed as one parcel for the year 1916 and sold for taxes in 1917 and a tax certificate issued therefor. In August, 1918, plaintiff paid the amount of taxes levied against said land to the county treasurer of Grady county under protest, contending a portion of said tax was void, and received from the treasurer a certificate of redemption, and within 30 days plaintiff filed suit against the county treasurer to recover the amount of illegal taxes paid. Judgment was rendered against the county treasurer for the amount of illegal taxes paid, under section 7413, Rev. Laws 1910, and section 7 of subdivision B.

art. 1, of chapter 107, Session Laws 1915. The judgment is not erroneous.

Error from District Court, Grady County; Will Linn, Judge.

Action by Pearl Farwell Smith against H. N. Mullican, County Treasurer, to recover payment of taxes made under protest. Judgment for plaintiff, and defendant brings error. Affirmed.

D. M. Cavaness and Wm. Stacy, for plaintiff in error.

Bond, Melton, & Melton, for defendant in error.

McNEILL, J. Pearl Farwell Smith, a member of the Kiowa Tribe of Indians, was the owner of certain land in Grady county, consisting of her allotment, which it is admitted was not subject to taxation; also a part of the allotment of her deceased mother, which it is admitted was taxable. The two tracts of land were adjoining and were assessed as one parcel for the year 1916, and sold for taxes in 1917 to Levy Brothers, of Chicago, and a tax certificate issued to them, which they still hold. On August 9, 1918, the taxes and penalty assessed against said land amounted to $107.31, and plaintiff paid said amount to the county treasurer of Grady county under protest, contending the tax on her homestead was void, and received from the treasurer a certificate of redemption from the sale of said land for taxes. Thereafter, on the 21st day of August, 1918, the plaintiff filed suit against the county treasurer for the recovery of $86.01, being the amount of taxes assessed against that part of the land not taxable and contended to be illegal. The county treasurer filed an answer, admitting he was county treasurer and alleging that the tax sale certificate had been issued to Levy Brothers; admitting plaintiff paid the amount of $107.51 to him under protest, and he claimed no interest in the money for himself or for Grady county, and that he was holding the money as the agent and trustee of Levy Brothers, the holder of the tax certificate.

Upon trial of the case to the court, the court rendered judgment in favor of the plaintiff and against the defendant. From said judgment, the county treasurer has appealed. Plaintiff in error states:

"That the sole question being, 'Is a county treasurer liable at the suit of a taxpayer for money paid to redeem land from a tax sale?'"

This, of course, assumes the taxes were paid under protest and suit begun within 30 days thereafter. Section 7413, Rev. Laws 1910, provides the owner of land sold for taxes may redeem the same after the same has been sold for taxes, and provides that the county treasurer shall hold the money paid to the order of the purchaser of the tax certificate. Plaintiff in error contends that by virtue of this section of the statute the defendant in error is unable to maintain this action, and relies upon the cases of Jones v. Duras (Neb.) 14 N. W. 537, and State ex rel. v. Snyder (Neb.) 51 N. W. 827. If this were the only statute applicable, plaintiff in error's contention might be correct.

Section 7 of subdivision B, of article 1, chapter 107, Session Laws 1915, page 149, provides:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them. * * *"

This section provides the procedure to be followed by the party claiming the tax is illegal. The plaintiff in this case followed that procedure. These statutes, when construed together, give the court power to grant relief to a party who has taxes assessed against his land that are illegal. Plaintiff pursued the only remedy she had, and it was the duty of the county treasurer, when she paid the money under protest, to hold the money subject to suit being brought within 30 days, and, if brought, to hold the same awaiting final determination of the suit regarding the legality of said tax. A portion of the tax being levied upon land that was not taxable, that portion of the tax was illegal and void.

There being no error, the judgment is affirmed.

PITCHFORD, V. C. J., and JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.