**GRUBB v. SMILEY, Co. Treas.**

No. 19639.  Opinion Filed Dec. 10, 1929.

Brown & Stater and Thos. D. Lyons, for plaintiff in error.

Bryon Kirkpatrick, Co. Atty., Hugh Webster, Asst. Co. Atty., Ed O. Cassidy, H. O. Bland, City Atty., and Harry Halley, Asst. City Atty., for defendant in error.

ANDREWS, J. Plaintiff in error, plaintiff in the trial court, filed his petition and amended petition against the defendant in error, defendant in the trial court, as county treasurer of Tulsa county, to recover taxes paid under protest and alleged by the plaintiff to be illegal and void. For convenience, the parties will be referred to as they appeared in the trial court. The tax involved in this action is the first half of the tax for the fiscal year beginning July 1, 1926.

Under date of September 20, 1929, an order of dismissal was entered in this case on stipulation of the parties dismissing the appeal as to certain portions of the tax involved herein. The decision in this case is subject to that order.

It was stipulated and agreed that the decision in this case shall apply with equal force and effect to the companion cases as listed in a stipulation entered into between the parties hereto.

The amended petition alleged facts tending to show that certain portions of the tax levied against the property of the plaintiff were illegal and void. It also alleged:

"* * * That the tax rolls of Tulsa county, state of Oklahoma, for the fiscal year beginning July 1, 1926, were not certified to the county treasurer of said county at the time, or in the manner required by law, but were certified on January 28, 1927; that by law and the common custom and practice of taxing officials, taxpayers have been and are authorized and permitted to pay the first half of the tax of any year at any time within 60 days after the tax rolls have been certified to the county treasurer; that by law and said common practice and custom, taxes do not become delinquent nor is penalty attached thereto until after said 60 days' period; that the defendant above named notified and advised the general public and this plaintiff that the first half of the taxes for the fiscal year beginning July 1, 1926, would not be delinquent until April 1, 1927, without penalty; and that failure of the officers of said taxing jurisdiction to certify the tax rolls to the county treasurer prior to the 1st day of January, 1927, made it necessary for said plaintiff to pay his tax subsequent to January 1, 1927, and that said plaintiff paid the first half of his tax on the 28th day of March, 1927, and in so doing relied and acted upon the provisions of law providing for a period of 60 days from the date the tax rolls were certified for collection, in which to pay the first half of the tax, and upon the common custom and practice whereby taxpayers have had 60 days' time from the date of certification of the tax rolls in which to pay their tax, and relied and acted upon the advice of the defendant in the statement that plaintiff and the general public had until the 1st day of April, 1927, in which to pay the first half of said tax; and that the said plaintiff did on and before the 1st day of April, 1927, to wit, on the 28th day of March, 1927, pay said tax, and said defendant did accept and receive from this plaintiff the full amount of the first half of his tax for said year, and that said tax was accepted without penalty being attached and without complaining that the same was not paid within the time provided by law, or that said tax was past due or delinquent on said date of payment; that plaintiff in all things complied with the law and the requirements of the defendant in the payment of said tax and will suffer great and irreparable loss and injury if defendant is permitted to object to the time or manner of payment thereof; that by reason of the foregoing facts, defendant is estopped to assert that said tax was not legally or timely paid for the further reason that said defendant has not collected or paid any penalties to Tulsa county, or any of its minor political subdivisions' on taxes collected from this plaintiff or other taxpayers subsequent to January 1, 1927."

The questions involved in this appeal are such that it is not necessary to set

out the other allegations of the amended petition.

The defendant filed a demurrer to the amended petition, " * * * on the grounds and for the reasons that the matters and things alleged, set forth and contained in said petition and `amendment thereto do not constitute a cause, or causes of action in favor of the plaintiff and against the defendant, under the laws of the state of Oklahoma, in this, to wit:

"1. That it appears upon the face of said petition and amendment thereto, that whereas the county assessor of Tulsa county, Okla., certified the assessment rolls to the treasurer of Tulsa county, Okla., on the 28th day of January, 1927, that the first half of the taxes for the year 1927-28 were not paid by plaintiff until March 28, 1927, and after the same became delinquent under the law.

"2. That if plaintiff relies upon his right to pay the first half of the said taxes for said taxpaying year within 60 days after the date of certification of the assessment rolls to the county treasurer, as alleged in his petition, that he does so by the purported authority of chapter 151, Session Laws 1923, which said legislative act is unconstitutional and void, and repugnant to section 57, art. 5, of the Constitution of the state of Oklahoma, for the reason that there is nothing in the title to said act which shows that the act has for its purpose the amendment of the general law, to wit, section 9719, Compiled Oklahoma Statutes of 1921, by changing or extending of the time within which to pay ad valorem taxes, and that said act, in so far as it attempts to provide for an extension of 60 days after the certification of the assessment rolls to the county treasurer, goes beyond the purpose and scope of the amendatory act as set forth and specified in the title to said act, and is indefinite, uncertain and ambiguous."

It will be noted that this demurrer is not general, but raises specific objections to the amended petition. This demurrer was sustained, the plaintiff elected to stand upon his amended petition, and judgment was rendered dismissing the action. From this judgment an appeal was taken to this court.

The plaintiff says:

"The sole question in this case is whether a taxpayer can pay his taxes under protest after January 1st when the tax rolls had not been certified to the county treasurer for collection until after January 1st, and it was impossible to pay this tax before January 1st."

And in answer thereto the defendant contends:

"1. Payment of taxes before delinquency is a condition precedent to the recovery of alleged illegal taxes paid under protest under section 9971, C. O. S. 1921.

"2. Chapter 151, Session Laws 1923, amending section 9719, C. O. S. 1921, extending the time of payment of taxes to 60 days after the rolls are certified to the county treasurer, is unconstitutional and void and of no force or effect.

"3. Defendant county attorney is not estopped to object to time of payment, there being no duty on him to inform the public, and the date of payment and delinquency being statutory, and beyond his control."

For many years courts of equity in Oklahoma, under the authority of section 420, C. O. S. 1921, and their general equity powers, granted injunctions against the collection of taxes alleged to be illegal and void. That practice continued until the adoption of chapter 240 of the Session Laws of 1913. That act was thereafter amended by chapter 107 of Session Laws of 1915, and a new provision was inserted numbered section 7 of subdivision B of article 1 of said chapter, which provided for the payment of the taxes, "* * * at the time and in the manner provided by law. * * *" That section now appears as section 9971, C. O. S. 1921. It is under the provisions of that section that the defendant contends payment of the taxes before delinquency to be a condition precedent to the recovery of alleged illegal taxes paid under protest.

Since the adoption of section 9971, Id., it has been held consistently that injunctive relief is not permissible, for the reason that section 9971, Id., provided an effectual remedy, and that the remedy so provided was plain, speedy, adequate, and exclusive. McCoy v. Childers, State Auditor, et al., 124 Okla. 256, 256 Pac. 25, and Blake et al. v. Young, 128 Okla. 153, 261 Pac. 923.

It must be kept in mind that no rights were granted by section 9971, Id. That section conferred no rights. A taxpayer had a right in equity, as hereinbefore pointed out, to attack an illegal tax either by injunction under section 420, Id., or, after payment of the entire tax under protest, by a suit to recover the same. Section 9971, Id., was intended to, and did, provide a procedure at law whereby a taxpayer might recover illegal taxes paid under protest. The Legislature saw fit to make that procedure exclusive. Since there is now a plain, adequate, and complete remedy at law, a suit in equity cannot be maintained. As a part of the legal procedure, the Legislature saw fit to require payment of the tax at the time and in the manner provided by law

as a condition precedent to the maintenance of the legal action.

Section 9971, Id., has been construed by this court a number of times. The case of Mullican, County Treasurer, v. Smith, 85 Okla. 148, 204 Pac. 904, affirmed the action of the trial court in ordering a refund of taxes paid after the sale of the property and the issuance of a tax sale certificate. That case has never been followed by this court. It is relied upon by the plaintiff in this action in support of his contention that payment of the tax may be made at any time. The rule announced in that case is specifically overruled.

In St. L. & S. F. Railway Co. v. Hendrickson, 127 Okla. 242, 260 Pac. 476, the first half of the tax complained of was paid on January 8, 1924, which the court found was eight days after the first half of the tax was payable. The suit was filed on January 24th. This court said:

"That there must be full compliance with the requirements of the law, as a condition precedent to maintain an action for the recovery of illegal taxes paid by the taxpayer, is no longer a controversial question in this state."

—and denied a recovery.

In Bond, County Treasurer, et al. v. Zweigel, 130 Okla. 1, 264 Pac. 893, this court quoted with approval from Going, County Treasurer, et al. v. Carter Oil Co. 88 Okla. 222, 214 Pac. 922, and held that section 9971, Id., is not a statute of limitation, but a condition precedent to maintain an action. This was repeated in the case of Town of Burbank v. Sheel, 131 Okla. 292, 268 Pac. 1106, wherein the court said:

"Hence, the Legislature has provided adequate remedies by which erroneous or invalid taxes may be adjusted, and has specifically provided that the remedies thus given must be timely resorted to, and has provided that if the remedies given are not resorted to within the time prescribed, the right to contest the validity of a tax levy is barred. * * *"

Mr. Justice Riley, speaking for the court, in Carpenter et al. v. Shaw, State Auditor, 134 Okla. 29, 272 Pac. 393, said:

"The applicable section quoted requires as a prerequisite to the recovery of taxes that the same shall be paid at the time and in the manner provided by law."

—and:

"We, therefore, hold that unless taxes are paid at the time and in the manner provided by law, they cannot be recovered under the procedure provided by section 9971, supra. It follows that plaintiffs were not entitled to maintain their action in so far as was concerned recovery of taxes due for the year ending December 31, 1926, for the reason that said taxes were not paid until April 30, 1927, and, therefore, not at the time and in the manner provided by law."

The rule announced in Lusk et al. v. Ryan, County Treasurer, 69 Okla. 165, 171 Pac. 323, as to the necessary allegations of a petition in this class of cases, is too broad in that it fails to require an allegation that payment of the tax sought to be recovered was at the time and in the manner provided by law.

This court is, therefore, committed to the doctrine that before recovery may be had under section 9971, Id., the tax must be paid at the time and in the manner provided by law and before delinquency.

The next question which presents itself is whether or not the tax in this case was so paid. The defendant contends that chapter 151 of the Session Laws of 1923, amending section 9719, C. O. S. 1921, is unconstitutional, void and repugnant to section 57, art. 5, of the Constitution. The trial court was of that opinion, and so held. The defendant contends that under section 9719, Id., the tax was due on the 1st day of November, and that unless one-half of the tax was paid on or before the 1st day of January, the entire tax became delinquent on January 1st, and that, inasmuch as no part of the tax in this case was paid prior to January 1st, the entire tax became delinquent on that date, and the demurrer to the amended petition was properly sustained. The view we take of the effect of section 9971, Id., makes it unnecessary for us to pass on this contention or on the defendant's third contention.

This court knows that for many years in many counties the tax rolls were not completed and certified to the county treasurer by November 1st, which, under section 9719, Id., is the due date. Chapter 8 of the Session Laws of 1915, and many other legislative acts, were for the purpose of extending the time for payment. None of them were in terms amendments to section 9719, Id. In Oklahoma News Co. v. Ryan, County Treasurer, 101 Okla. 151, 224 Pac. 969, there was under consideration a joint resolution of the Legislature contained in chapter 248 of the Session Laws of 1923. It purported to extend the time of payment of the 1922 ad valorem tax to March 15th. The

resolution was approved February 5th. It was there contended that the right to maintain an action for the recovery of taxes was barred by lapse of time before the adoption of the joint resolution. That theory was not sustained by the court, and the court reversed the case, with directions to render judgment for a refund of the illegal taxes. In the case of First National Bank of Muskogee v. Pitts, 120 Okla. 8, 249 Pac. 907, payment of the tax was on February 7th. It was there contended that the payment of the first half was not made before the same became delinquent, but the taxpayer contended that the tax was paid before the time fixed in the notice of the county treasurer as the due date for the first half of the tax, which was February 8th. This court held that it was the duty of the county treasurer to inform the taxpayers when the taxes will become due, where there is a delay in filing the tax rolls with the county treasurer. It is here contended that that decision is not controlling, for the reason that the constitutionality of the 1923 amendment was not there raised. This does not appear from the decision.

In St. L. & S. F. Railway Co. v. Hendrickson, supra, the payment of taxes was made on June 13th, and the court there held that a recovery could be had as to the second half of the illegal tax paid.

These cases are constructions of our tax procedure and they disclose that sections 9719 and 9971, Id., have an entirely different meaning from that contended for by the defendant. These sections must be construed together. When so construed, we find that the taxpayer, as a condition precedent to the recovery of the illegal tax paid by him, must have paid the tax at the time and in the manner provided by law and before the same was delinquent. That time, so far as the first half of the tax is concerned, is between the 1st day of November and the 1st day of January. The Legislature had the right to fix a reasonable length of time after taxes are due in which to pay the same before they became delinquent. Our Legislature has fixed that time as from November 1st to January 1st. Both of these sections, however, contemplate that the county taxing officials will perform their duties and that the tax rolls will be certified to the county treasurer in ample time for the payment of taxes on November 1st. The defendant contends that there is no showing or allegation that plaintiff made any effort to pay his taxes or tendered payment of the same prior to March 28th. That might be

a valid contention in a suit in equity, but this is not a suit, in equity, but an action at law, and being purely statutory, the statute must be complied with. Under the facts admitted in this case, the tax rolls were not certified to the county treasurer until January 28th, 28 days after the tax, under the terms of the statute, was delinquent. The contention of the defendant amounts to this: That a tax is delinquent 28 days before it is certified to the county treasurer, the sole officer having power to collect the same. For this court to say that county taxing officials may fail to furnish the county treasurer with the tax rolls until after the time fixed by the statute for delinquency and thereby cause a penalty to be added to the tax of each taxpayer and at the same time deprive each taxpayer of the right to recover illegal taxes paid under protest, is, in our opinion, far from the intention of the Legislature.

Giving these statutes the construction sought to be placed upon them by the defendant would do one of two things: First, deprive taxpayers of property without due process of law by denying them the opportunity to recover illegal taxes paid under protest, because they could not be paid prior to delinquency by reason of the acts of the county taxing officials; or, second, hold that where the tax rolls are not available at the time provided by section 9719, Id., the taxpayer may bring an action in equity under section 420, Id., or the general equity power.

We feel it is our duty in so far as possible to give effect to the intention of the Legislature, which, in this instance, was to require the payment of taxes and a suit to recover the same rather than by injunctive relief. We therefore hold that where the county taxing officials have failed to certify the tax rolls to the county treasurer at the time and in the manner provided by section 9719, Id., payment under protest may be made by a taxpayer and a suit maintained to recover the same under section 9971, Id., notwithstanding payment of the tax is made after the date of delinquency provided by section 9719, Id.

We decline to determine whether or not chapter 151, Session Laws 1923, is in violation of section 57, article 5, of the Constitution.

Under the facts admitted by the demurrer in this case, the tax rolls were not certified to the county treasurer, and it was impossible for the county treasurer to collect

the tax until after the tax had became delinquent under the provisions of section 9719, Id. Within 60 days after the tax rolls became available, the plaintiff paid the tax. The trial court committed reversible error in sustaining the demurrer to the amended petition. The cause is therefore reversed and remanded to the trial court, with directions to vacate its judgment, overrule the demurrer to the amended petition of the plaintiff, and take such other action as is consistent herewith.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, and SWINDALL, JJ., concur. CULLISON, J., absent.