## MID-WEST CHEVROLET CORPORATION v. PARKINSON, County Treas.

### No. 27315.   Feb. 23, 1937.

Samuel A. Boorstin and Leslie W. Lisle, for plaintiff in error.

Holly L. Anderson, County Atty., and Fred A. Fulghum, Asst. County Atty., for defendant in error.

WELCH, J.  In an action to recover taxes paid under protest the taxpayer recovered judgment for one-fourth the amount sued for, being denied recovery of the remaining three-fourths of the amount claimed, upon the theory that at the time the taxes were paid three-fourths of same were not paid at the time and in the manner provided by law.

The taxpayer appeals, and asserts that all of its taxes, were paid under protest in the manner provided by law.

Section 12665, O. S. 1931, provides:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law. * * *"

The quoted portion of the statute has been considered by this court in several opinions. Many of the opinions are cited and discussed in Grubb v. Smiley, 140 Ok'a. 233, 283 P. 784.  Therein it was held that the taxes must be paid "before delinquency," otherwise the statutory condition precedent to maintaining suit had not been met. No opinion of this court, however, has dealt with the question where the facts and the state of the statutes were the same as here.

This controversy concerns largely the question of whether article 15, chapter 66, S. L. 1935, extended the time of payment of 1934 taxes to May 1, 1935, as relates to the requirements of section 12665, supra.

The title of the 1935 Act provides:

"An Act relating to delinquent ad valorem, special assessment, gross production, income and inheritance taxes; providing for the waiving, releasing and rebating of the penalties, interest and costs thereon; providing for the manner and method of the payment of such taxes without penalties, interest and costs; authorizing the Oklahoma Tax Commission and county treasurers to accept such taxes in the manner and installments herein provided without such penalties, interest and costs. * * *"

Section 3 of the act provides:

"All penalties, interest and costs that have accrued on unpaid ad valorem taxes on real and personal property due the state, any county, town, township, school district or any subdivision thereof levied and assessed for the year 1934, are hereby waived and released provided said taxes levied and assessed for said year are paid on or before May 1, 1935."

And section 6 provides:

"All penalties, interest and costs that have accrued on special assessment taxes levied and assessed for the year 1934, and which are now delinquent are hereby waived and released, provided said special assessment taxes are paid on or before May 1, 1935."

It is the 1934 taxes involved here, and the taxpayer paid the same under protest on April 30, 1935.

Chapter 86, S. L. 1933, provides as follows:

"Section 1.   Section 12719, Oklahoma Statutes 1931, is hereby amended to read as follows:

" 'Section 12719.   From and after the passage of this act all taxes levied upon ad valorem basis shall become due and payable on the first day of October, 1933, and at the same time each year thereafter, and the taxpayer may, if desired, pay his taxes in installments of one-fourth thereof as follows:

" '1. The first installment shall become

delinquent November 1, 1933, and shall become delinquent November 1, of each year thereafter.

" '2. The second installment shall become delinquent January 1, 1934, and shall become delinquent January 1, of each year thereafter.

" '3. The third installment shall become delinquent March 1, 1934, and shall become delinquent March 1, of each year thereafter.

" '4. The fourth installment shall become delinquent May 1, 1934, and shall become delinquent May 1, of each year thereafter. Each installment shall bear a penalty from the date it becomes delinquent at the rate of one per centum per month until paid.

" 'The county treasurer shall stamp the date of receipt on each letter received containing funds in payment of taxes, and penalty shall not be added or charged after the receipt of such letter or the amount due. No demand for taxes shall be necessary but it shall be the duty of every person subject to taxation under the law to attend the treasurer's office and pay his taxes; and if any person neglects to pay his taxes until after they have become delinquent, the treasurer is directed and required to collect the same as provided by law'."

It is the contention of the taxpayer that the 1935 Act of the Legislature, by waiving penalties if payment of the taxes is made within a given period of time, is an extension of time for the payment thereof. It cites the case of Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 P. 969, wherein this court construed a joint resolution of the 1923 Legislature as an extension of time for the payment of taxes, and held the payment of same within the time named therein a sufficient compliance with section 9971. C. O. S. 1921 (now section 12665, O. S. 1931). The words employed by the Legislature in the resolution there construed are clear expressions of an intent to extend the time for the payment of taxes. The expressions there, "the same is hereby extended without penalty," and "shall not become delinquent," are not contained in the 1935 Act, and the opinion there is of little importance here, except that it indicates the common acceptation in this state, and particularly by the legislative body, of the fact that tax delinquency is generally associated with and accompanied by tax penalties, and that when no penalty is imposed, taxes are generally not considered as delinquent.

The 1935 act indicates the continued acceptation of the delinquency status of taxes. It deals in separate sections with various year's levies of taxes and different classes of taxation. It is true that the primary object of the entire act was to cancel and relinquish penalties, but it is apparent from the expression contained in section 1 thereof, to wit:

"Taxes levied and assessed for the year 1932 and all prior years shall again become delinquent on December 1, 1935 * * *"

—and the equivalent of the same expression found in section 4, that the Legislature did not consider taxes as delinquent for all purposes during the time when same might be paid without penalty. It is important also to note that the Legislature recognized that generally it was providing a "time and manner" for the payment of taxes within the meaning of sections 12665, O. S. 1931, for as to a certain class of taxes it is specifically provided in the act that the taxpayer would not be permitted to pay the same under protest and bring suit to recover. See section 10 thereof, which provides:

"That all penalties, interest and costs that have accrued on any gross production, income or inheritance tax for any time prior to July 1, 1931, shall be and the same are hereby waived and released. Provided said tax or taxes are paid in full on or before July 1, 1935, and provided, further, that no taxpayer paying taxes under this section shall be permitted to pay the same under protest and no suit shall ever be brought or entertained seeking to recover any taxes paid under the provisions of this section."

Having specifically provided that as to the taxes dealt with in section 10, there could not be a paying under protest and suit to recover the same back, and there being no such provision as to other taxes, it would seem that as to taxes paid under other sections of the act, the Legislature recognized the right to pay them under protest and sue to recover back if illegal. It seems the prohibition against paying under protest was intended to be limited to those taxes mentioned in said section 10, which would not include the character of taxes involved in this action.

We think the terms of sections 3 and 6 above quoted clearly provide a statutory "time and manner" of payment of 1934 taxes, and is at least a conditional or contingent extension of time for the payment thereof, fully effective for all purposes only if and when the parties for whose benefit it was enacted comply with the contingent terms thereof by paying the taxes on or before May 1, 1935. We therefore conclude here that the taxpayer paid the taxes at the time and in the manner provided by law within the meaning of section 12665, O. S. 1931.

The judgment is reversed, and the cause remanded, with directions to grant plaintiff appropriate relief.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.