TEXAS-EMPIRE PIPE LINE CO. et al.
v. TULSA COUNTY EXCISE BD.

No. 31327.  May 11, 1943.

137 P. 2d 564.

Mastin Geschwind, of Oklahoma City, for plaintiffs in error.

Dixie Gilmer, County Atty., and William M. Taylor, Asst. County Atty., both of Tulsa, for defendant in error.

RILEY, J. This is an appeal from an order of the Court of Tax Review dismissing protest of plaintiffs in error against certain tax levies or parts of levies made in a number of school districts for the fiscal year beginning July 1, 1942. The protest was leveled against levies in various school districts in Tulsa county, one school district partly in Tulsa county and partly in Pawnee county, and one school district so situated in Tulsa and Okmulgee counties.

The sufficiency of the protest was challenged by motion to dismiss, which the Court of Tax Review treated as a demurrer. The motion was sustained and, in the absence of an offer to amend, the protest was dismissed.

One question of law is presented on appeal, and it is whether the protest complies with the provisions of 68 O. S. 1941 § 332, wherein it is required that "The said protest shall specify the said alleged illegal levy and the grounds upon which said alleged illegalities are based."

The protest, in general terms, alleged that the excise board of Tulsa county, for the school districts involved, made appropriations and fixed rates of levy based upon the assessed value of property subject to ad valorem taxation in the amounts shown in a compiled list made a part of the protest, wherein each fund was set forth separately. The legality of each item of the levy involved was challenged in the following language:

" . . . That the expenditures authorized and appropriations made for each of said funds, respectively, were to the extent shown in connection with each thereof, authorized and made without authority of law and contrary to law; that said tax rates, respectively, are each illegal and should be reduced to the extent indicated in connection with each thereof, respectively, for the reasons that each of said rates of levy to the extent as indicated, respectively, is unnecessary, was not made according to law, was made without authority of law, was made contrary to law, and is in excess of the rate that may lawfully be levied for each said fund, respectively, as follows: . . ."

This language, reduced to its substance, complains in general terms that the appropriations made were without authority and contrary to law and that the tax rates were illegal, unnecessary, and excessive.

Twenty-five items involved were set

forth separately in a compilation following the allegations.

Items 1, 2, 3, 17 and 19 therein contained show the manner in which the alleged illegality of the appropriations and levies were listed. They are:

| "Item No. | Subdivision | Fund | Assessed Valuation | Appropriations & Authorized | Expenditures Illegal | Rates of Levy (Mills) Authorized | Illegal |
|---|---|---|---|---|---|---|---|
| 1 | Joint Independent Consolidated No. 1, Owasso | Gen'l | $928,815 | $20,978.20 | none | 14.9747 | 1.5509 |
| 2 | Joint Union Graded No. 1, Keystone, Tulsa County Part | Gen'l | $303,206 | $ 7,902.12 | $ 188.68 | 16.3956 | .7487 |
| 3 | Joint Union Graded No. 1, Keystone, Pawnee County Part | Gen'l | $ 89,602 | | | 16.3956 | 1.3956 |
| 17 | Dependent No. 21, Limestone | Gen'l | $432,159 | $11,126.49 | $ 100.00 | 16.9694 | .2545 |
| 19 | Dependent No. 33, Berryhill | Bldg. | $992,917 | $ 4,513.26 | $4,513.26 | 5.000 | 5.000" |

Many of the items set forth in the compiled list are as in item No. 1. Therein the appropriation is stated. No part thereof is listed as illegal. Other items are as in 2 and 17. Therein the appropriation in part is listed as illegal, together with an illegal rate of levy. Other items are as in 3, and concern levies in parts of school districts outside of Tulsa county. Therein the appropriation can be ascertained only with reference to the part of the school district located within Tulsa county. Likewise, without such reference no part of alleged illegal appropriation is set forth.

The protest was challenged as being too general and not specific, and dismissal of the protest was sought because the statute authorizing the protest provided and required that it should not only specify the alleged illegal levy but as well "the grounds upon which said alleged illegalities are based."

Plaintiffs in error contend that the judgment entered was without authority and contrary to law; that the protest was sufficient as measured by Rule 1 and Rule 28 of the Court of Tax Review. Rule 1 of the Court of Tax Review was dictated in the record by a judge of that court. It provides:

"The rules of evidence, practice and procedure, in force in the district courts of this state, when sitting as courts of equity, shall be applied in this court, except where the same be in conflict with the act creating this court (chap. 66, art. 2, Okla. St. 1931), or the rules of this court."

That which plaintiffs in error contend is Rule 28, and which was read into the record by their attorney, appears merely to be the State Examiner and Inspector's digest of the holding of the Court of Tax Review in a particular case. It was denied by the court as being a proper part of the record, which denial, in our opinion, is tantamount to denial of the same as being a rule of the Court of Tax Review, and we so consider it.

In Excise Board of Creek County v.

Gulf Pipe Line Co., 156 Okla. 103, 9 P. 2d 460, it is held that the proper method to test the sufficiency of the allegations of a protest authorized by 68 O. S. 1941 § 332 is by demurrer.

The plain provisions of the statute require that the protest shall not only specify the alleged illegal levy, but likewise the grounds upon which the alleged illegalities are based. The protest here involved complies with the first requirement, but there is no attempt, except in general terms amounting to conclusions, to state the grounds upon which the alleged illegalities are based. The nearest approach to a specification of such a ground is that each levy specified is "in excess of the rate that may lawfully be levied for each of said funds. This approach is insufficient, for an examination of the assessed valuation, appropriation, and rate of levy authorized in mills of each school district shows that no one of the levies produced an amount in excess of the appropriation so as to render the rate excessive.

In eight of the items plaintiffs in error contend that the illegality of the levy, to the extent specified, is shown by the mere statement of "Illegal Appropriations." This is insufficient, for there is no showing wherein the appropriation to the amount stated in any one of the items is illegal. The statement is a mere conclusion.

In item 17 plaintiffs in error set forth the appropriation authorized in the amount of $11,126.49, and in the following column they set forth these words and figures: "Illegal—$100.00." The result is nothing more than stating a mere conclusion.

In Smith v. Board of Commissioners of Rogers County, 26 Okla. 819, 110 P. 669, it is held:

"A pleading should contain a positive statement of essential facts, and it must be, when assailed by demurrer, held insufficient where it merely states conclusions."

In Hoover et al. v. Board of Commissioners of Garvin County, 157 Okla. 225, 13 P. 2d 207, this court made use of the identical language, and held in addition that:

"A conclusion of law renders no issue, and a complaint which depends upon such allegations is insufficient and demurrable."

One reason underlying the statutory requirement of 68 O. S. 1941 § 332 is that the issues be stated with reasonable certainty so as to enable the parties to present evidence bearing upon them.

An additional reason, in a case such as the one at bar, is that contemplated by the statute, supra, which provides:

"The excise board may reconvene at any time within 60 days after the filing of the budgets and levies with the State Auditor, and reduce any protested budgets and levies . . . ."

In Lowden et al. v. Caddo County Excise Board, 176 Okla. 213, 55 P. 2d 472, and Greer County Excise Board v. Lowden et al., 177 Okla. 7, 57 P. 2d 612, it was held that the mere filing of a protest does not destroy the authority of the excise board to convene within the time fixed by the statute, supra, and reduce any budget or levy.

Plaintiffs in error cite Lusk v. Ryan, County Treas., 69 Okla. 165, 171 P. 323, a decision in an action to recover taxes paid under protest, rendered long prior to the adoption of Initiative Petition No. 100. In that case it was said that the petition was required to allege with particularity that the tax complained of was levied in excess of the estimate of the requirement. No particularity in statement of the grounds is shown in the case at bar.

St. Louis & S. F. Ry. Co. v. Haworth, County Treas., 48 Okla. 132, 149 P. 1086, is not contrary to our view herein expressed, because the fact was shown that the tax levied there was "clearly and far in excess" of that required by the estimates.

In Bristow Battery Co. v. Payne, County Treas., 123 Okla. 137, 252 P. 423, the amount of the tax levied was shown to be "illegal under the Constitu-

tion and laws of the state" in exceeding the rate limitation.

It· is true, as stated in the decisions prior to the creation of the Court of Tax Review that "It was not contemplated that the protest should be in any particular form, or that it should meet the requirements of a petition filed in a court for the recovery of the tax." Oklahoma News Co. v. Ryan, County Treas., 101 Okla. 151, 224 P. 969; Jones, County Treas., v. Kennedy, 118 Okla. 224, 247 P. 53. But since the creation of the Court of Tax Review, a protest presented for decision of that tribunal takes the place of both the notice of intention to bring suit, in the form of a protest, required to be served upon the collecting officer, and the petition filed in court for the recovery of the taxes so paid. Therefore, the protest filed under authority of 68 O. S. 1941 § 332 (Initiative Petition No. 100) should meet the requirements of the statute by stating with reasonable particularity the grounds relied upon.

Judgment affirmed.

CORN, C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., dissents.