## HUBER v. AKERS et al.

No. 7383—Opinion Filed July 24, 1917.

(166 Pac. 892.)

**Taxation—Collection—Statutes — Exclusive Remedy.**

Section 7, art. 1, c. 107, Sess. Laws 1915, provides a plain, speedy, and adequate remedy against an illegal tax from which the law provides no appeal, and such remedy is exclusive.

(Syllabus by Rummons, C.)

Error from District Court, Texas County; W. C. Crow, Judge.

Action by H. L. Huber against W. D. Akers and others. Judgment for defendants, and plaintiff brings error. Affirmed.

John L. Gleason and Charles L. Moore, for plaintiff in error.

V. H. Grinstead, for defendants in error.

Opinion by RUMMONS, C. This action was commenced by the plaintiff in error in the district court of Texas county against the defendants in error, on April 15, 1915, to enjoin the defendants in error. as the pretended board of trustees of the pretended town of Tyrone, from doing any act as members of the board of trustees of the town of Tyrone, and from making and certifying an estimate of the revenue to be raised by taxation for said town of Tyrone for the purpose of a levy, to be made by the county excise board of Texas county. Upon the hearing defendants in error had judgment, and the court denied the injunction prayed by plaintiff in error.

Plaintiff in error sought to enjoin the defendants in error, as members of the board of trustees of the town of Tyrone, in Texas county, from making an estimate of the revenue needed by said town of Tyrone and certifying the same to the excise board of Texas county, for the purpose of having such excise board levy a tax upon the property of plaintiff situate in said town of Tyrone, in order to raise such revenue. It was alleged by the plaintiff in error that the steps taken in the organization and incorporation of said town of Tyrone were so irregular, insufficient, and contary to law that the action of the board of county commissioners of Texas county in incorporating said town of Tyrone was wholly void, and that the incorporation of said town was null and void, and that the defendants in error were wholly without authority to act as trustees of said town because of the invalidity of such incorporation. It was further alleged that the defendants in error were threatening to and were about to make an estimate of the revenue necessary for said town of Tyrone for the purposes of taxation. and that if such acts were permitted a tax would be levied upon the property of the plaintiff in error situated in said town, which would constitute a cloud upon the title to said property, that plaintiff in error would suffer irreparable injury, and that he had no adequate remedy at law.

Section 7, art. 1, c. 107, Sess. Laws 1915, which took effect March 11, 1915, before the commencement of this action, provides as follows:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them. It shall be the duty of such collecting officer to hold such taxes separate and apart from all other taxes collected by him, for a period of thirty days and if within such time summons shall be served upon such officer in a suit for recovery of such taxes, the officer shall further hold such taxes until the final determination of such suit. All such suits shall be brought in the court having jurisdiction thereof, and they shall have precedence therein; if, upon final determination of any such suit, the court shall determine that the taxes were illegally collected, as not being due the state, county or subdivision of the county, the court shall render judgment showing the correct and legal amount of taxes due by such person, and shall issue such order in accordance with the court's findings, and if such order shows that the taxes so paid are in excess of the legal and correct amount due, the collecting officer shall pay to such person the excess and shall take his receipt therefor."

This section provides a remedy to the plaintiff in error for relief against the illegality of the threatened action of the defendants in error, if it be illegal. In Black v. Geissler, 58 Okla. 335, 159 Pac. 1124, Geissler sought to enjoin the board of county commissioners of Oklahoma county from performing certain acts devolved upon them by the "Registration Law," alleging that the plaintiff, Geissler, was a citizen and taxpayer of Oklahoma county, and that the board of county commissioners, unless restrained, would pay out large sums of money in carrying out the provisions of the registration law, which law was alleged to be unconstitutional and void, and that said sums of money would be included in the estimate of taxes of said county, which taxes would be collected by the county treasurer, all without authority of law. Mr. Justice Hardy, who delivered the opinion of the court, says:

"The tax which plaintiff apprehends he will be compelled to pay had not been levied at the time of the filing of this suit. The law did not levy the tax, but same can only result from inclusion of the amount thereof in the estimate of the county commissioners and the levy to be made in pursuance thereof by the excise board. The apprehended tax, then, is one whose illegality arises by reason of some action from which the law provides no appeal, and is embraced within the terms of said section 7, and plantiff's remedy was to await the actual levy of said tax, and then to pay same at the time and in the manner provided by law, and to give the officer collecting it notice that such tax was paid under protest. specifying the grounds of complaint, and that suit would be brought against the officer to recover the amount so paid. The procedure provided by this act furnishes plaintiff with a plain, adequate, and speedy remedy for the correc-

tion of any error in the assessment or equalization of his property and for the recovery of any taxes which may be illegally assessed against him, and where such a remedy exists equity will not interfere by injunction with the levy and collection of the revenues of the state government. Smith v. Board of Com'rs, 26 Okla. 819, 110 Pac. 669; Garvin County v. Lindsay Bridge Co., 32 Okla. 784, 124 Pac. 324; Fast et al. v. Rogers, County Treasurer, 30 Okla. 289, 119 Pac. 241; Harris et al. v. Smiley, 36 Okla. 89, 128 Pac. 276; Turner et al. v. Ardmore et al., 41 Okla. 660, 130 Pac. 1156."

In the third syllabus in Black et al. v. Geissler et al., supra, it is held:

"It was within the power of the Legislature to enact said section 7, and the remedy therein provided is plain, speedy, and adequate, and is exclusive."

The foregoing disposes of this appeal. While an injunction is prayed against the defendants, restraining them from performing any acts as members of the board of trustees of said town of Tyrone, no allegation is made of any other acts that were about to be or were threatened to be done by defendants in error that would cause plaintiff in error injury. Nor are any such acts or threatened acts shown. The sole injury complained of was the threatened taxation of the property of the plaintiff in error to pay the municipal expenses of said town. From such injury section 7, art. 1, c. 107, Sess. Laws 1915. supra, provides as we have seen, an exclusive remedy.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.