**GOING, County Treasurer, et al. v. CARTER OIL CO.**

No. 13228—Opinion Filed Feb. 13, 1923.

(Syllabus.)

1. **Taxation—Remedy Against Illegal Tax —Summons Upon County Treasurer— Necessity.**

Section 9971, Compiled Statutes 1921, provides the exclusive remedy against an illegal tax, and the provision requiring service of summons upon the county treasurer within 30 days after the payment of the tax is not a statute of limitation, but a condition precedent to maintaining an action, and where the summons is not served upon the county treasurer within 30 days, the plaintiff cannot maintain his action.

2. **Taxation—County Levy—Basis of Estimates—"Surplus Revenue"—Surplus in School Funds.**

Section 9699, Comp. Stat. 1921, contemplates an appropriation for the current expenses of the county and an appropriation for the aid of common schools; that the various items of appropriation should be totaled and 10% added for deliquent taxes; that there should be deducted therefrom the surplus revenue of the county on hand at the end of the fiscal year and the estimated income from sources other than ad valorem tax, and the difference will be the amount to be raised by ad valorem tax; but the surplus in the common school fund and the estimated income of that fund from sources other than ad valorem tax should not be considered as surplus revenue of the county or estimated income of the county.

3. **Same—Township Drag Tax—Limitations.**

Under the provisions of sec. 6, ch. 30, Session Laws 1916, a levy of not more than two mills for drag tax may be levied in each township; and where the appropriation for drag purposes requires the total two-mill levy, the excise board is not authorized to add to such appropriation 10% for delinquent taxes.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by the Carter Oil Company against W. E. Going, County Treasurer, and certain townships to recover taxes paid under protest. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

John F. Vaughan, Co. Attorney, and Wilcox & Swank, for plaintiffs in error.

Jas. A. Veasey and C. M. Oakes, for defendants in error.

COCHRAN, J. This action was brought by the Carter Oil Company to recover from the county treasurer of Payne county certain taxes paid by it under protest. The taxes sought to be recovered involve a levy made by the county for common school purposes, amounting to 1 mill and a levy made for numerous townships for road-drag purposes. Suit was filed on January 25, 1921, to recover the first one-half of the alleged illegal taxes and summons was served on the county treasurer on February 2, 1921. Suit was filed to recover the second one-half of such taxes on June 22, 1921, and the two cases were consolidated by the trial court. Judgment was rendered for the plaintiff on each of its several causes of action, and the county treasurer has prosecuted this appeal.

As to the first one-half of the 1920 taxes, the plaintiff was not entitled to recover, because the summons was not served on the county treasurer within 30 days after the taxes were paid. The record discloses that the first one-half of the taxes was paid under protest on December 31, 1920, and the petition of the plaintiff was filed in the office of the court clerk on January 24, 1921, and the clerk was requested by letter to issue the summons directed to the sheriff of the county to be served upon the defendant. The summons was issued by the court clerk on February 2, 1921, and served on the county treasurer on that day. This court has held in the cases of Black v. Geissler, 58 Okla. 335, 159 Pac. 1124; Huber v. Akers, 66 Okla. 11, 166 Pac. 892; and A., T. & S. F. Ry. Co. v. Eldredge, 67 Okla.

110, 169 Pac. 1071; that section 7, art. 1, ch. 107, Session Laws 1915 (section 9971, Compiled Statutes 1921), provides the exclusive remedy against an illegal tax and in Dolenty v. Broad Water Co. (Mont.) 122 Pac. 919, the court said:

"The right to sue for taxes paid under protest is statutory, and the statute conferring the right may fix the time within which it must be exercised and the grounds on which it may be asserted; and compliance with such conditions is a condition precedent to the maintenance of an action."

In the same case the court holds that the statute of Montana providing that suits to recover tax paid under protest should be commenced within 60 days after November 30th of the year in which the taxes are paid is not a statute of limitation, but prescribes a condition on which the right to sue depends, and quotes with approval from Wheatland v. City of Boston (Mass.) 88 N. E. 769, as follows:

"It is to be observed that this is not a mere statute of limitations. It establishes certain conditions precedent to the maintaining of an action to recover back a tax. One of these is, in substance, that the payment must have been made under protest, and under certain modes of compulsion mentioned in the statute; the other is that the action shall have been brought within the time specified. Compliance with the latter of these conditions is no less essential to the right of action than compliance with the former."

An examination of the statute under consideration discloses, as conditions precedent to the right to maintain the suit, (1) that the taxes shall have been paid under protest, (2) service of summons upon the officer collecting the taxes in a suit for the recovery of such taxes within 30 days after the payment. It being our opinion that the provision for serving summons upon the county treasurer within 30 days after payment of taxes was a condition precedent to maintaining the action and not a statute of limitation, the fact that the petition was filed together with praecipe for summons within 30 days after payment of the tax and the summons actually served three days thereafter is not a compliance with the statute. The state had a right to prescribe conditions upon which an action might be maintained, and the Legislature considered it of the utmost importance to require that disputes as to the legality of the tax should be speedily disposed of, and hence prescribed the condition that the summons should be served within 30 days from the time the tax is paid.

We are, therefore, of the opinion that the action for the first one-half of the 1920 tax cannot be maintained.

The alleged illegal tax in this case involves a one mill levy for common school purposes, and a levy for numerous townships for road drag purposes, and the facts are identical with those in the case of Going, County Treasurer of Payne County, et el., v. A., T. & S. F. Ry. Co., No. 13227, this day decided, 213 Pac. 84 and the law announced in that case is controlling on these questions. It is our opinion that the one mill levy for common school purposes was legal, and that there was an excessive levy of two-tenths mill for road drag purposes in the various townships involved.

The judgment of the trial court is reversed, and cause remanded, with directions to set aside the judgment heretofore rendered and to dismiss plaintiff's action for the first one-half of the 1920 taxes paid by it under protest and to render judgment for the defendant on the cause of action involving the last half of the 1920 taxes for the one mill levy for common school purposes and to render judgment for the plaintiff against the defendant for that portion of the last one-half of the 1920 taxes paid under protest which is represented by the two-tenths mill excessive levy for road drag purposes.

JOHNSON, V. C. J., and McNEILL, KENNAMER, and NICHOLSON, JJ., concur.