**HADDOCK et al. v. WORRELL et al.**

No. 12611—Opinion Filed Feb. 24, 1925.

**1. Indians—Invalidity of Overlapping Lease on Restricted Surplus Allotment.**

An agricultural lease executed and delivered by a full-blood Choctaw Indian, on the surplus allotment, to run for a period of five years from date, before the expiration of an existing five year valid lease, is null and void and conveys no interest in the property to the second lessee.

**2. Same—Judgment Sustained.**

Record examined; held, that the record supports judgment for the defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by E. T. Haddock and Ida Lewis, nee Jackson, against E. L. Worrell and Byrd Gunn in ejectment and for rents. Judgment for defendants. Plaintiffs bring error. Affirmed.

Ledbetter & Ledbetter, for plaintiffs in error.

Green & Pruitt, for defendants in error.

Opinion by STEPHENSON, C. Ida Lewis, nee Jackson, one of the plaintiffs in error, is duly enrolled on the approved rolls of the Mississippi Choctaw Indians. The lands involved in this action were conveyed to the allottee as her surplus allotment. Ida Lewis, the allottee, and E. T. Haddock, a lessee of the latter, commenced their action in ejectment and for rents against E. L. Worrell and Byrd Gunn for the possession of the lands involved in this action. A trial of the cause resulted in judgment for the defendants. The plaintiffs have appealed the action to this court for reversal.

The question involved between the parties here is the validity of the leases claimed by Haddock and Worrell. The record shows a number of leases executed and delivered by the allottee during several years prior to this action. The leases as shown by the record are as follows: A lease to Chas. Pfile bearing date of November 5, 1908, for a period of five years from date; a lease to E. T. Lewis and J. L. Keltner bearing date as of August 3, 1914, for a period of five years from date; the latter lease was assigned to E. L. Worrell, one of the defendants herein; a lease to Hugh Treadwell bearing date of August 5, 1915, for a period of five years from date; a lease to W. Henderson on April 5, 1917, for one year from date; another lease to the same party bearing date as of August 10, 1917, for a period of five years from January 1, 1918; another lease to the same party bearing date of January 9, 1918, and for a period of five years from date; a lease to C. A. Vandevort bearing date of December 24, 1918, for a period of one year from January 1, 1919; a lease to C. A. Vandevort bearing date of July 1, 1919, for a period of five years from date; a lease to H. H. Deskins bearing date of March 31, 1919, for a period of three years commencing January 1, 1919; a lease to E. L. Worrell bearing date as of August 4, 1919, for a period of five years from date.

The defendent Worrell rests his right to possession upon the lease executed and delivered to him by the allottee, bearing date as of August 4, 1919, for a period of five years from date. The latter lease was executed and delivered to Worrell on the day

106—9

following the expiration of the five year term, created by the lease executed and delivered by the allottee to E. T. Lewis and J. L. Keltner, bearing date as of August 3, 1914, for a period of five years from date. The defendant Worrell took the latter lease by assignment and held the same during its full term. The plaintiffs in error present for consideration the effect of the latter taking a lease on the same property on July 1, 1919, and about 34 days prior to the expiration of the lease held by Worrell through an assignment. The plaintiffs in error express the question in their brief in the following language:

"Now the court can readily see that the question necessarily arises, whether or not the lease which the plaintiff in error Haddock claims under, dated July 1, 1919, was a valid lease in consideraton of the fact that it was taken about thirty days prior to the expiration of the lease which was made on the 3rd day of August, 1914. In other words, the question of law necessarily arises whether or not there can be a valid lease taken from a restricted Indian during the existence of a prior lease under the conditions shown in this record."

The question presented by this appeal has not been before this court heretofore on a similar record.

The record indicates a spirited contest among several parties to obtain and hold possession of the lands involved in this action through leases from the allottee.

The record does not present a condition which would call for the consideration of the questions involved herein upon equitable grounds. The parties evidently intended to insist upon the validity of the several leases, as measured by the congressional acts relating to the allottee's right to lease the lands. The several leases executed by the allottee and of record were sufficient to advise the parties that a contest would likely follow from the numerous leases.

A similar question was before the Supreme Court of the United States in the case of United States v. Noble, 237 U. S. 74, upon a record similar to the one involved herein. The court reached the conclusion that the execution and delivery of a lease on restricted lands was rendered void by the existence of a valid prior lease.

The plaintiffs in error take the position that they had the right to take the lease near the expiration of the Worrell lease in order to control cultivation for the following year. This court has applied the rule in relation to homestead allotments, but the question has not been considered heretofore

in relation to the surplus allotment upon a record as is here presented.

We think that the rules applied in the Noble Case are applicable and control the question involved in this appeal.

The Haddock lease, as measured by the rules applied in the Noble Case, must fall; consequently, the judgment of the court for the defendant is supported by the record.

It is recommended that the judgment of the court be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 518.