**BLAKE, Co. Treas., et al. v. METZ.**

No. 19016. Opinion Filed April 23, 1929.

W. F. Pardoe, Co. Atty., for plaintiffs in error.

Davis & Frazier, for defendant in error.

DIFFENDAFFER, C. This is an action originally brought by defendant in error, hereinafter referred to as plaintiff, against Ralph A. Blake, county treasurer of Creek county, to enjoin the sale of certain property for taxes. The petition is short and is as follows:

"The plaintiff alleges that he is now, and was at all the times hereinafter set forth the owner in fee simple of the following described real estate, situate in Creek county, Okla., to wit: The northeast quarter of S. E. ¼ of section 30-17-7-E, Creek county, Okla., and that all of said lots in said block as above described are attempting to be sold by the county treasurer of Creek county, Okla., for the years of 1920 for the sum of $504.38 taxes, and plaintiff alleges that said amount of taxes and levy for said year is excessive and exorbitant, and destructive of said property. that said property is unimproved rough land, and is not worth to exceed the sum of $400. Plaintiff further alleges that he has filed and has pending before the board of county commissioners of Creek county, Okla., his affidavit for erroneous assessment, and that county commissioners have not acted

on his said affidavit, but until they do act on the said affidavit, this plaintiff believes that said defendant should be prohibited and enjoined from selling the property above described.

"Plaintiff attaches to this application a copy of his affidavit of erroneous assessment filed with the board of county commissioners.

"Wherefore, plaintiff prays that a judgment be given him against said defendant enjoining said defendant and restraining him from selling, offering for sale, or attempting to sell any of the above-described tract, or parcels of land, and that said defendant be enjoined without notice from continuing and attempting to sell said property until a hearing can be had hereon, and for such other and proper relief as to the court may seem just and proper."

Upon the filing of the petition, April 20, 1926, a temporary restraining order was issued, without notice, which further provided that the application of plaintiff for a temporary injunction be set for hearing on April 30th. No summons was issued, but service of the temporary restraining order was made on defendant. Nothing further appears to have been done until February 23, 1927, at which time plaintiff filed an amended petition, in which Fred L. Patrick, county assessor of Creek county, was made a party defendant. The amended petition, after allegations as to the official position held by each defendant, alleged:

"That the plaintiff is the owner of the following described real estate situated in Creek county, Okla., to wit: Lot 11 in block 2 of Drumright's Third addition to the town of Drumright, Okla. Plaintiff alleges that for the years of 1920, 1921, 1922, 1923, 1924, the taxes on the above-described real property is excessive, exorbitant, unreasonable and confiscatory, and does not in any way represent the fair cash voluntary sale value of said premises at the beginning of the year, to wit, the first day of January of each of the years above mentioned, and plaintiff avers that said assessment made and assessed for the years above mentioned is in violation of the Constitution of the state of Oklahoma, and each of them are in such excess null and void.

"Plaintiff avers that he is entitled to have said excessive assessments set aside, vacated and avoided, and to have said premises reassessed at its fair, cash, voluntary sale value on the first day of January of each of the above-mentioned years."

The prayer was that the alleged excessive assessments for the years 1920 to 1924, inclusive, be set aside, and that the true value of said premises be ascertained by the county assessor, and that the county assessor be required to reassess the premises at such value as he might find to be the "true, cash, voluntary sale value of said real estate," and that the defendants be required to correct their respective records accordingly. No summons was issued or served upon defendant, Patrick. On the same date the amended petition was filed, there was filed a journal entry of judgment as follows:

"Now, on this 22 day of February, 1927, this cause comes on to be heard in its regular order, the court being regularly in session, and the plaintiff appearing in person and by his attorneys, Davis & Frazier, and the defendants appearing by L. J. Burt, assistant county attorney of Creek county, Okla., and both sides having announced ready for trial, and the court having heard the evidence introduced and the argument of counsel and being fully advised in the premises finds:

"That the assessments and the taxes levied on the following described property, to wit: Lot 11 in block 2 of Drumright, Third addition to the town of Drumright, Creek county, Okla., are excessive, illegal and void because exorbitant and confiscatory, and that the costs charged, interest computed, and the penalties levied against all of said property, is illegal, void, confiscatory, and a cloud on the plaintiff's title for the years of 1920, 1921, 1922, 1923, 1924, and that the plaintiff is entitled to have said assessments made against said premises for each of said years, set aside, vacated and held for naught, and said county treasurer shall cancel all penalties, interest and costs for said years, and that plaintiff is entitled to have said premises reassessed for said years above mentioned for such sums as the county assessor finds to be the true, voluntary cash sale value of said premises on the 1st day of January of each of said years.

"It is therefore ordered, adjudged, and decreed, that the assessment aforesaid of said premises for said years of 1920, 1921, 1922, 1923, 1924, be canceled, set aside, held for naught, and that said premises be reassessed for said years at their true cash voluntary sale value on the 1st day of January of each year, and the defendant county assessor is ordered and directed to correct his assessment rolls and records after making such reassessment; and the defendant county treasurer is ordered and directed to cancel, set aside and discharge any penalties, interest or costs charged or levied on said premises for all of said years of 1920, 1921, 1922, 1923, 1924, and is ordered and directed to correct his books and records in

conformity with the above findings. All costs to be taxed to the plaintiff.

"Fred A. Speakman, District Judge.

"O. K. Davis & Frazier, Attorneys for Plaintiff.

"O. K. Leroy J. Burt, Attorney for Defendant."

Thereafter, and on February 24, 1927, the county attorney filed a motion for new trial setting out as grounds therefor:

"(1) Irregularity by which said defendant was prevented from having a fair trial in that said cause was tried before the same was at issue, before the same was set for trial, and without service of any summons upon said defendants or either of them.

"(2) That the said judgment and order of the court is not sustained by sufficient evidence, and is contrary to law.

"(3) Errors of law occurring at the trial and excepted to by the party defendant.

"(4) For the reason that it is impossible to make case-made without the fault of the said defendants.

"(5) For said judgment was rendered without any evidence being produced, no witnesses having been sworn, and no testimony of any character having been offered or given in the trial of said case."

The motion for new trial was heard on March 26, 1927, at which time evidence was taken by which it was shown that no summons was ever issued or served on either defendant, and that no evidence whatever was taken at the time judgment was entered, and that the court signed the journal entry presented to him with the O. K. or approval of the assistant county attorney thereon. The motion for new trial was overruled, but no exceptions were saved. The county attorney gave notice in open court of intention to appeal to the Supreme Court. Thirty days were taken to prepare and serve a case-made. On April 26th, one day after the expiration of the time given, an order was made extending the time 15 days for service of case-made. Case-made was prepared and served, and thereafter settled and signed by the trial judge, but no further steps were taken to perfect the appeal from this judgment or order overruling the motion for new trial.

On June 24, 1927, the county attorney filed a motion to vacate the judgment setting out as grounds therefor, in substance, that the judgment was void for the reasons:

(1) That the cause was tried before it was at issue, before it was set for trial, and without any service of summons upon defendants or either of them, and without any appearance having been made by defendants or either of them.

(2) That the judgment is not supported by any evidence, and,

(3) That no judgment could lawfully have been rendered under the facts stated in the original petition or the amended petition.

This motion was overruled, from which order defendants appeal.

Three assignments of error are presented. They are:

"(1) That said court erred in rendering judgment in favor of the said W H. Metz, and against the said Ralph H. Blake, county treasurer, and Fred L. Patrick, county assessor of Creek county, Okla.

"(2) That the said court erred in denying and overruling the motion of the plaintiffs in error to vacate the aforesaid judgment, and in failing and refusing to vacate, set aside, and hold void and for naught the said judgment aforesaid.

"(3) That the said court erred in not rendering judgment for the plaintiffs in error on the pleadings."

As to the first and third assignments, we think they are without merit. Defendants having raised these questions in their motion for new trial, and the same having been overruled, and defendants having failed to perfect their appeal from the judgment and order overruling the motion for a new trial within six months from the date the motion for new trial was overruled, we think they are precluded from again presenting the same question on the motion to vacate the judgment.

A different proposition is presented in the second assignment. The judgment is attacked as being void on the grounds of want of jurisdiction in the trial court to render the particular judgment, for the first time in the motion to vacate the judgment. This question was not raised or presented in the motion for new trial.

We do not think the defendants waived this question by filing their motion for new trial and failing to appeal from the order overruling same, nor by failing to demur to the petition or the amended petition. Section 270, C. O. S. 1921, provides:

"When the defects do not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the

jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action."

Under the provisions of this section, it has been held that objections to jurisdiction may be taken at any time. Myers v. Berry, 3 Okla. 612, 41 Pac. 580; Fehr v. Black Pet. Co., 103 Okla. 241, 229 Pac. 1048. In the latter case, in the body of the opinion, it is said:

"The fundamental question of jurisdiction, first of the appellate court, and then of the court from which the record comes, presents itself on every writ of error or appeal, and must be answered by the court, whether propounded by counsel or not."

In support of this statement, many authorities are cited, including Myers v. Berry, supra. See, also, Twine v. Carey, 2 Okla. 249, 37 Pac. 1096, wherein it is held:

"Objection to the jurisdiction of the court, which goes to the power of the court over the subject-matter may be raised at any stage of the proceedings."

We next consider the effect of a judgment rendered where the court is without jurisdiction to render the particular judgment. In a very recent case, Glover et al. v. Warner, decided by this court Feb. 19, 1929, 135 Okla. 177, 274 Pac. 867, it was held:

"Where the record in a case affirmatively discloses the facts to be such that such court is without power in such case to make the order or decree it assumes to make, the same is void, and therefore subject to collateral attack for want of jurisdiction to the extent, at least, that such court is without power to make the same."

In that case, the authorities on this subject are collected, beginning with what is termed the parent case in this state, Roth v. Union Nat'l. Bank, 58 Okla. 604, 160 Pac. 505, in which the six elements of jurisdiction are clearly and distinctly stated, the sixth element being:

"*** Authority to decide the question involved, which, if the other essential elements of jurisdiction exist, is acquired by the question being submitted to it by the parties for decision."

In subdivision (b) of the first paragraph of the syllabus, it was held:

"Where the record in a case affirmatively discloses the facts to be such that such court is without power in such case to make the order or decree it assumes to make, the same is void, and therefore subject to collateral attack for want of jurisdiction, to the extent, at least, that such court is without power to make the same."

In Glover et al. v. Warner, supra, a quotation from Farmers & Merchants Bank of Phoenix, Ariz., v. Mut. Sav. & Loan Ass'n., 220 Fed. 1, is quoted with approval, which is as follows:

"Although a court has jurisdiction of the subject-matter of an action or of the parties, its power to render a valid judgment is, nevertheless, limited by the nature of the suit and the issues made by the pleadings, and if it transcends such limits, its judgment is without jurisdiction and void."

The rule announced in Roth v. Union Nat. Bank, supra, has been followed in many cases in this state. See Glover et al. v. Warner, supra.

We conclude that if the trial court was without power to render the particular judgment which it assumed to render, then the judgment or decree is void, and should be set aside.

On the power of the court to render the particular judgment, we are not without authority. In First National Bank of Temple v. Achenbach, Co. Treas., and First Nat. Bank of Loco v. Williams, Co. Treas., 110 Okla. 246, 237 Pac. 574, it was held:

"Whenever the statutes of the state provide a mode by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive. Resort cannot be had to equitable remedies."

It is therein pointed out that section 9966, C. O. S. 1921, provides a complete and adequate remedy for the correction of assessments, and that any person aggrieved by an assessment may avail himself of the remedy therein provided, and in case of adverse decision by the board of equalization may appeal to the district court, and from the district court to the Supreme Court. This remedy is held to be exclusive, and resort may not be had to equitable remedies. In the body of the opinion, it is said:

"The fifth proposition urged is that the petitions of plaintiffs do not state facts sufficient to constitute a cause of action. This issue is practically disposed of by reason of the holding of the court on the first proposition, that the court was without jurisdiction to entertain this cause of action, and that appellants are not pursuing the remedy or procedure authorized by our statutes, and the petition is insufficient in that it shows upon its face that the court has no jurisdiction to grant the relief sought, the filing of a complaint before the county assessor and board of equalization, asking for the equalization of the assessments, being a condition precedent to the right to maintain such an action in the district court."

The same rule is announced in First Nat. Bank of Norman v. Briggs, Co. Treas., 104

150

Okla. 97, 230 Pac. 860. In Blake, Co. Treas., et al. v. Young, 128 Okla. 153, 261 Pac. 923, the question was squarely before this court in an appeal by the county treasurer of Creek county from a judgment in favor of Young, wherein it was alleged that certain property was assessed for the years 1920 to 1924, inclusive, at $10,000, when in truth and in fact its fair cash value was not more than $5,000, and wherein the trial court held the assessment illegal and void, and not authorized by law, and ordered the same canceled, and further ordered, as in the instant case, that the property be reassessed for the years involved. It was therein held:

"Section 9966, Comp. St. 1921, provides a simple and adequate remedy by which a taxpayer aggrieved at his assessment may have same corrected and adjusted, and prescribed the procedure by which relief may be obtained, viz., by resort to the board of equalization, and appeal therefrom if dissatisfied.

"And section 9969, Id , provides that:

" 'The remedies of resort to the boards and appeal therefrom shall be the sole remedies for the correction of assessment or equalization.' "

In view of the rule announced in Blake v. Young, supra, and section 9969, C. O. S. 1921, which specifically provides that the remedies of resort to the boards mentioned in the statute, and appeal therefrom, shall be the sole remedies for the correction of assessment or equalization, and it appearing from the pleadings and decree that the action had for its sole purpose the correction of an alleged excessive assessment, we conclude that the court was without power to render the judgment or decree here involved, and that the same is therefore void and should be set aside.

The order of the trial court in overruling the motion to vacate the judgment should be reversed, and the cause remanded, with directions to set aside and vacate the judgment and decree.

BENNETT, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.