## BUCHNER v. BOARD OF COM'RS OF HUGHES COUNTY.

No. 21079.    Dec. 5, 1933.

Ralph P. Welch and W. W Pryor (Hugh Sandlin, of counsel), for plaintiff in error.

Tom H. Fancher, R. D. Howell, Jr., R. L. Busey, Anglin & Stevenson, F. E. Chappell, and Burney P. Bodard, for defendant in error.

OSBORN, J. This is an appeal from the district court of Hughes county and involves the action of the board of commissioners of said county in vacating an order made on an affidavit of erroneous assessment of the property of Guy M. Buchner, hereinafter referred to as plaintiff. The board of county commissioners will be referred to as defendants.

The plaintiff was the owner of the southwest three-quarters of lot 4, block 91, of the city of Holdenville. On April 2, 1925,

he rendered the property for taxation, listing the value of the lot at $500 and the value of the improvements at $14,500, making a total valuation of $15,000. In 1925 an affidavit of erroneous assessment was filed, but was lost and no action was taken thereon. On January 7, 1929, plaintiff prepared a new affidavit in which complaint was made that, on January 1, 1925, a house was in process of construction on said lot, but was not completed, and consequently was not taxable for the year 1925, and that said assessment should be reduced from $15,000 to $550, the value of the lot.

A hearing was had before the board of county commissioners on said affidavit, and an order signed reducing the assessment from $15,000 to $4,000. Plaintiff immediately went to the county treasurer and paid the tax and received therefor a receipt, said payment being based on a valuation of $4,000.

On March 4, 1929, at a regular meeting of the board of county commissioners, the action of January 7, 1929, was rescinded. and it was ordered that said property be placed on the tax rolls at the original valuation of $15,000. This order was based on fraud of the plaintiff in securing the signature to the certificate of erroneous assessment. The testimony of all of the commissioners was to the effect that it was their intention to reduce the assessment in the amount of $4,000 instead of to the amount of $4,000, or to fix the assessment at $11,000. It is evident that the commissioners did not read the certificate of erroneous assessment very carefully and were misled as to its contents.

The order of March 4, 1929, recites that the board, after advice of counsel, is of the opinion that its action in approving said affidavit was beyond its legal authority, and therefore null and void for want of legal authority to make the same.

Plaintiff appealed from the order of March 4, 1929, to the district court, which sustained the action of the board of county commissioners, from which order plaintiff has appealed to this court.

Plaintiff's sole contention is that the board of county commissioners was without authority to change or vacate the order of January 7, 1929. With such contention we cannot agree. No rights had become vested in any person by virtue of said order, as the record shows that the only event that transpired prior to the time said order was rescinded was payment of the tax. While the order of the commissioners recites that the original order was obtained by fraud, it is apparent that it was the result of a mistake or misunderstanding between the parties, and the order, as made, did not conform to the intention of the commissioners, and such mistake was subject to correction if the same could be corrected without disturbing the vested rights of any person.

It is also noted that the commissioners found that said order was illegal and void for want of authority in them to make the same. As we view it, this is the principal issue involved herein.

Plaintiff relies for relief upon the provisions of sections 12639 and 12642, O. S. 1931, which are as follows:

"12639. Whenever, at any of the regular meetings of the said boards (in January, April, July or October), upon complaint of the person beneficially interested, his agent or attorney, it shall be made to appear by the testimony of the claimant and at least one reputable witness, borne out by the records of the county, that the same property, whether real or personal, has been assessed more than once for the taxes of the same year, or that property, whether real or personal, has been assessed in the county for the taxes of a year to which the same was not subject, the board is hereby empowered to issue to the complainant a certificate of error showing that the complaint has been investigated by the said board and that the said board has been satisfied of the truth of the allegations of the said complaint, and direct the same to the county treasurer of their county, directing him to accept the said certificate as a payment of cash to the amount found by the said board to have been unjustly assessed, which said amount shall be named in the said certificate, and shall by the treasurer be credited upon his tax roll against the tax so found to be erroneous; and the treasurer shall retain the said certificate and shall be credited with the same, as cash, in his settlement as such treasurer."

"12642. The board of county commissioners of each county is hereby authorized to hear and determine allegations of erroneous assessments, mistakes or errors made in assessing or preparing the tax rolls or in the description of land or other property, before the taxes have been paid, on application of any person or persons who shall show by affidavit good cause for not having attended the meeting of the county board of equalization for the purpose of correcting such error, mistake or difference, and if upon such hearing it appears that any personal or real property has been assessed to any person, firm or corporation not owning or claiming to own the same, or that property exempt from

taxation has been assessed, it shall be the duty of the board of county commissioners to correct such error, and the county clerk, upon the order of said board, shall issue a certificate of error to the county treasurer, stating the amount of such correction, which amount the treasurer shall deduct from the original assessment or assessed amount; and if upon such hearing it appears that any such tax has been paid through a mistake of fact, either of the party paying the same or of any officer whose duty it is to assess or collect taxes, the board of county commissioners may refund the same, but no refund shall be made because of mistake of law. The amount of taxes ordered refunded, as herein provided, shall be a valid charge against the county and shall be paid out of the sinking fund of the county by the county treasurer, on order of the board of county commissioners. Provided, no refund shall be made in any case where the taxes have been paid for a period of more than one year prior to the claim of such refund, nor shall there be any claim against the county for any taxes paid on any ground where the same have been paid for a longer period than herein specified."

Section 12660, O. S. 1931 (9966, C. O. S. 1921), provides that any person feeling aggrieved by the assessment of his property may appear before the county board of equalization and receive a hearing for the purpose of having the same adjusted.

It is noted that the statutes above quoted provide that any person seeking to have an assessment adjusted by the board of county commissioners must show by affidavit good cause for not having attended the meeting of the board of equalization.

In construing said provision, this court, in the case of State v. State ex rel. Shull, 142 Okla. 293, 286 P. 891, said:

"It is for the board of county commissioners in the first instance, and the district court on appeal, to determine whether or not the person making application to correct an erroneous assessment has by affidavit shown good cause for not having attended the meeting of the county board of equalization for the purpose of correcting such erroneous assessment, and where the board of county commissioners, or the district court on appeal, determines that the person applying to correct an erroneous assessment has shown good cause for not having attended the meeting of the county board of equalization, this court, on appeal, will not reverse the district court unless there was an abuse of judicial discretion."

In the instant case there was not only a voluntary assessment of the property by plaintiff at the figure complained of, but there was no showing by affidavit, or otherwise, of good cause for failure to appear before the county board of equalization for the purpose of correcting the alleged erroneous assessment, and no finding of good cause for failure to appear either by the board of county commissioners or the district court.

The sections of the statute above quoted were given a sound and sensible construction in the case of Hays v. Bonaparte, 129 Okla. 258, 264 P. 605, as follows:

"These two sections give the county commissioners jurisdiction in at least three classes of cases in which the board is authorized to issue certificates of error in assessment. They are as follows: First, when property has been assessed to any person not owning or claiming to own the same; second, when property has been assessed that is exempt from taxation; third, when property has been assessed more than once for the taxes of the same year or has been assessed for taxes for a year, to which the same was not subject to taxation."

On the basis of this construction of the statutes there is not included a case where the owner has rendered a sworn valuation of the property on the assessment roll and thereafter seeks to withdraw same from the tax rolls.

In the instant case there is no positive finding of fact, either by the board of county commissioners or the district court, as to whether the improvements in question were or were not completed on January 1, 1925. In view of the findings and judgment herein, we may safely assume that said improvements were completed on that date. This conclusion is supported by the voluntary assessment of the property by the owner for that year, the testimony of the members of the board of county commissioners to the effect that they at no time considered reducing the assessment more than $4,000, the testimony of Walter Samuels, deputy county assessor, who assessed the property in question, and who testified as to a conversation had with plaintiff at that time as follows:

"Well, because we talked about that assessment when we was making it and he said he just got it done in time for the 1925 taxes, said he ought to have been later finishing the house."

No evidence was offered by plaintiff to the effect that the house was not completed on January 1, 1925; plaintiff's sole contention being that the board of county commissioners had no authority to change the order previously made.

A case very similar as to facts is the case of Blake v. Young, 128 Okla. 153, 261 P. 923, in which the property owner had voluntarily assessed his property for five years for $10,000, then in an affidavit of erroneous assessment alleged that the fair cash value of the property for the years in question was not more than $5,000, and attempted to have said assessments so reduced. The court said:

"Where a taxpayer has personally rendered his property for assessment and voluntarily valued his property at a given figure, and allows his taxes to become delinquent for a period of five years without applying to the board of equalization as prescribed by section 9966 for a correction of assessments, and without availing himself of the remedies prescribed in section 9971 (C. O. S. 1921), for relief from an alleged illegal tax, he will not in such case be granted injunctive relief against the collection of such taxes, nor granted relief by an order canceling the assessment rolls and ordering a reassessment."

Section 9966, C. O. S. 1921, above referred to, provides for the filing of complaint before the board of equalization, and section 9971, C. O. S. 1921, provides for payment of the tax under protest and filing suit to recover the same.

In view of the above authorities, there was no error in the action of the board of county commissioners in vacating its prior order reducing said assessment, and there is consequently no error in the order of the trial court sustaining the action of said board.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and McNEILL, JJ., concur. ANDREWS, BAYLESS, and WELCH, JJ., absent. BUSBY, J., disqualified.