## HAMILTON et al. v. BROWDER et al.

No. 26220.    Jan. 21, 1936.

Rehearing Denied March 3, 1936.

Arnote & Arnote, for plaintiffs in error.

Wilkinson & Hudson, for defendants in error.

PER CURIAM. Ellen Bynum, a resident of Pittsburg county, died on April 7, 1931, leaving as her only heirs her brothers and sisters, A. D. Browder, J. D. Browder, H. L. Browder, Maggie Hamilton, Alice Riley, and Mrs. E. C. Tinney. On September 30, 1931, the county court of Pittsburg county appointed Carl W. Manar administrator of the estate of Ellen Bynum, who left two parcels of real estate in Pittsburg county, but no personal property. On the day the administrator was appointed, A. D. Browd-

er, one of the defendants in error, filed a claim with the administrator in the sum of $2,625, for the care and maintenance of the deceased from October, 1919, to the date of her death. The administrator and the county judge approved the claim for $500. A petition was filed to sell the real estate, and on the day of the hearing of the petition to sell, H. L. Browder, Maggie Hamilton, Alice Riley, and Mrs. E. C. Tinney, four of the heirs of Ellen Bynum, filed a protest against the allowance of the claim of A. D. Browder in the sum of $500, and the sale of the real estate. The county judge proceeded to hear and sustain the protest, disallowing the claim of A. D. Browder in the sum of $500, and dismissing the petition to sell the real estate. From the order of the county court disallowing the claim and denying the petition to sell real estate for the purpose of paying the debts of the estate, Carl W. Manar, the administrator, and the claimant, A. D. Browder, appealed to the district court of Pittsburg county, where a trial de novo of the petition to sell the real estate and the objections of the heirs of Ellen Bynum, deceased, to the claim of A. D. Browder took place before the court without a jury. The district court granted the prayer of the petition to sell the real estate and allowed the claim of A. D. Browder in the sum of $500. The plaintiffs in error, heirs of Ellen Bynum, bring this cause here from the district court.

Both plaintiffs and defendants in error in their briefs argue the sufficiency of the evidence to sustain the district court, and the admission of certain evidence at the trial. but neither of the parties discuss the jurisdiction of the district court of Pittsburg county to entertain this cause in so far as it concerns the claim of A. D. Browder, disallowed by the county court. It has long been the rule in the vast majority of the courts of last resort that jurisdiction may be raised at any time during the consideration of any cause, and this is the sole exception in this court to the rule that a cause must be tried here upon the same theory it was tried in the lower court. That jurisdiction may be inquired into at any time during the course of proceedings was decided in the case of Mansfield C. & L. M. R. Co. v. Swan, 111 U. S. 379, 28 L. Ed. 462, where the Supreme Court of the United States held:

"This court will, where no motion is made by either party, on its motion, reverse a judgment for want of jurisdiction, not only in cases where it is shown negatively that jurisdiction does not exist, but even when it does not appear affirmatively that it does exist. * * * The rule springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it."

This court adopted the rule above quoted in its entirety in the case of Myers v. Berry, 3 Okla. 612, 41 P. 580, and has without deviation adhered to that holding. Only a few of the cases need be cited. In Rhyne v. Manchester Assur. Co., 14 Okla. 555, 78 P. 558, this court stated:

"An appellate court has not only the power to determine its own jurisdiction, but may also inquire into the jurisdiction of the court from which the appeal is taken."

Billington v. Grayson, 59 Okla. 182, 158 P. 433:

"The defendant in error has not filed a brief, or moved to dismiss the appeal, but where, as in the instant case, the want of jurisdiction appears, it must be answered by this court whether propounded by counsel or not."

Howard v. Arkansas, 59 Okla. 206, 158 P. 437:

"The question of jurisdiction is primary and fundamental in every case, and cannot be waived by the parties or overlooked by the court. It is the bounden duty of the court to examine into its jurisdiction whether raised by any party or not, and sua sponte to determine its own jurisdiction."

Model Clothing Co. v. First Nat. Bank of Cushing, 61 Okla. 88, 160 P. 450:

"In 11 Cyc. 673, the rule is stated as follows: 'Parties cannot by consent or by stipulation. invest a court with jurisdiction or power not authorized by law or conferred upon it by the Constitution. This rule applies to jurisdiction of the cause of action or subject-matter, to causes wherein the necessary jurisdictional amount is involved.***' Citing authorities. See, also, Myers v. Berry, 3 Okla. 612, 41 P. 580; Beach v. Beach, 4 Okla. 359, 46 P. 514, wherein it is expressly held that jurisdiction of the subject-matter cannot be conferred by consent."

Blake, County Treasurer, et al. v. Metz, 136 Okla. 146, 276 P. 762:

"In the latter case (referring to Fehr v. Black Pet. Co., 103 Okla. 241, 229 P. 1048), in the body of the opinion it is said: 'The fundamental question of jurisdiction, first the appellate court, and then the court from which the record comes, presents itself on every writ of error, or appeal, and must be answered by the court, whether propounded by counsel or not.' In support of this statement, many authorities are cited, including Myers v. Berry, supra. See, also, Twine v. Carey, 2 Okla. 249, 37 P. 1096. wherein it is held: 'Objection to the jurisdiction of the court which goes to the power of the court over the subject-matter may be raised at any state of the proceedings.' "

It being, therefore, the duty of this court to, first of all, inquire into the matter of jurisdiction, not only of this court but the court from which the record comes, it becomes necessary to determine the jurisdiction of the district court of Pittsburg county to entertain this cause on appeal.

The filing and approval of claims against the estate of a decedent being in the nature of a special proceeding over which only the county court has primary jurisdiction, the particular statutes controlling must be followed to the exclusion of any other method of establishing a claim. So we find in section 1239, O. S. 1931, which is identical with section 6344, Revised Laws 1910, and sec. 1240, C. O. S. 1921:

"When a claim is rejected, either by the executor or administrator, or the judge of the county court, the holder **must** bring suit in the proper court, according to its amount, against the executor or administrator, within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."

This section of the statute, together with sections 1237 and 1238, O. S. 1931, are controlling in connection with the allowance or rejection of claims against the estate of a decedent, but only the above is quoted, as the record in this cause shows that the claim of A. D. Browder was disallowed by the county judge of Pittsburg county. In view, then, of the fact of rejection of the claim by the county judge, is the remedy of the holder of the rejected claim by appeal to the district court, or by an action against the administrator of the estate of Ellen Bynum, deceased? This question was first touched upon by this court in the case of Osborn v. Forsythe, 54 Okla. 40, 153 P. 207, where it is stated in syllabus 1:

"A claim against the estate of a decedent can only be established (1) by being first presented to and allowed by the executor or administrator, and then being presented to and approved by the county judge, or (2) by judgment thereon in an action against the personal representative in the proper court."

It will be observed that this court uses the words "can only be established" in connection with a claim, thus, in effect, holding the two methods mentioned to be exclusive. The Osborn Case, supra, was followed by that of In re Barnett's Estate, 52 Okla. 623, 153 P. 653, wherein the quotation from the Osborn Case, supra, is given in toto as syllabus 1. In addition, however, we find that syllabus 3 reads as follows:

"In event a claim filed against the estate of a decedent is disallowed by either the administrator or the county judge, the remedy is not by appeal."

In the Barnett Case the claim was not approved by the administrator and was by order, as in the case at bar, disallowed by the county judge. An appeal was taken in the Barnett Case, as in this case, from the order of the county judge disallowing the claim, to the district court, where the appeal was dismissed. Discussing the dismissal, this court said:

"But there is another fundamental reason why the appeal should have been dismissed. The remedy where an account is disallowed by the county judge is not by appeal. Section 6342, Rev. Laws 1910, prescribed in detail the manner of presenting claims to the executor or administrator, and requires that such officer indorse on the same his allowance or rejection, with the date thereof. If such officer allows the claim, it must be then presented to the judge for his approval; and, in like manner, he must indorse upon it either his approval or rejection. If either the judge or administrator neglects to so indorse the claim for 10 days after its presentation, such nonaction is equivalent to a rejection on the tenth day. Section 6344, Rev. Laws 1910, provides a remedy in case of the rejection of a claim by either the executor or administrator of the estate or the judge of the court. This section is as follows: 'When a claim is rejected, either by the executor or administrator, or the judge of the county court, the holder must bring suit in the proper court, according to its amount, against the executor or administrator, within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred.' From a study of these sections, it appears that the county court has the power to reject a claim that

has been allowed by the administrator; but if the executor or administrator had himself rejected the claim, the county court appears to be without power to allow it, over such rejection; all of which means that if the claim is refused and disallowed by either the administrator or the court, that is the end of the matter, so far as those officers are concerned, and the claimant, for relief, must go into the proper court considering the amount of his claim, and there have its validity determined. * * * In fact, the appeal in this case was to establish a claim against an estate, over the rejection of the administrator and the county court, thus requiring the use of power and jurisdiction the district court did not possess on appeal."

The last-quoted clause applies particularly to the facts as shown in the case at bar. In the case of In re Fish's Estate, 107 Okla. 12, 229 P. 803, it is stated after a quotation from the case of In re Barnett's Estate, supra, as follows:

"We concur in the contention made by appellants that the only remedy Walter Ferguson had to establish his claim against the decedent, after it had been disapproved by the executor, was by filing suit in a court of competent jurisdiction, and obtaining judgment thereon."

The last case in this court considering this question is that of Miller v. Bradburn et al., 106 Okla. 234, 233 P. 736, wherein it is said:

"The court held as a matter of law that the statutory method of establishing claims against the estate of a deceased person was exclusive. In this we think the court was right. Comp. Laws 1921, sections 1234 and 1238, inclusive. Such claims must be verified and presented to the administrator or executor for allowance within four months after the first publication of the notice to creditors. If said claim be allowed by the administrator, he must indorse thereon his allowance, and the claim must then be presented to the county judge for his approval, and in case it is so approved he must so indorse said claim. If the claim is rejected by either the administrator or the county judge, it cannot be paid out of said estate, unless it is established by a judgment of a court of competent jurisdiction, and proceedings in such court must be commenced within three months from the rejection of such claim. C. O. S. 1921, section 1240. This seems to be the uniform holding of this court."

It is clear, therefore, from the above-quoted cases that once a claim is rejected by an administrator or executor or by the county judge, the sole, exclusive, and only method to establish the claim is by an independent action in a court of competent jurisdiction by the holder of the claim against the administrator or executor of the estate of the decedent. A specific method being laid down by which such claims may be established, the right of appeal, as provided by the statutes in probate causes, does not apply, and deprives the district court of jurisdiction thereof on appeal.

There being no right of appeal to the district court of Pittsburg county from the order of the county judge of Pittsburg county denying the claim of A. D. Browder, the district court of Pittsburg county had no jurisdiction to entertain such appeal.

There remains for consideration the appeal of Carl W. Manar, as administrator of the estate of Ellen Bynum, deceased, from the order of the county court of Pittsburg county denying the petition of the administrator to sell the real estate of the decedent. Under section 3956, O. S. 1931, reading as follows:

"In all cases arising under the probate jurisdiction of the county court, appeals may be taken from the judgments of the county courts to the district court of the county, in the manner provided by law, and in all cases appealed from the county court to the district court the cause shall be tried de novo in the district court upon questions of both law and fact"

—the administrator had the right of appeal to the district court though the action in itself is, in the situation at bar, somewhat unusual. The petition to sell the real estate in the county court does not appear in the record, nor is there shown a list of creditors. From what can be ascertained, it is likely that A. D. Browder is the only creditor of the estate and the petition to sell in the county court was probably filed to satisfy his claim, thereafter disallowed. The record has been carefully examined with respect to the appeal of the administrator, and there does not appear any evidence to sustain the appeal of the administrator from the order of the county court denying the petition to sell the real estate of the defendant. All of the evidence adduced is for the purpose of either sustaining or denying the claim of A. D. Browder for services, and no evidence of any character appears to otherwise reverse the judgment of the county court. Having found that the district court had no jurisdiction to entertain the appeal of A. D. Browder from the order of the county court denying his claim, there is no evidence in the record upon which the district court could order the real estate sold upon the appeal of the administrator.

Reaching the conclusion that the district

court had no power to entertain the appeal of the defendant in error, A. D. Browder, and further finding that the judgment of the district court of Pittsburg county with respect to the appeal of Carl W. Manar, deceased, is not founded upon any evidence sustaining the same, this cause is reversed and remanded to the district court of Pittsburg county, with directions to dismiss the appeal of A. D. Browder, and to enter judgment denying the petition to sell the real property of the estate of Ellen Bynum, deceased.

The Supreme Court acknowledges the aid of Attorneys E. M. Gallaher, Harry C. Fair, and R. L. Davidson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gallaher and approved by Mr. Fair and Mr. Davidson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.